Opinion of the Court,
by Judge Owsley.
THIS was an ejectment brought in the circuit court of Fleming county by Hord, to recover the possession of land which is common to two patents, the one of which Hord derives title through, and the other, though ]anwr is claimed under by Walker, &c.
The land which is common to the patents, lies part in the county of Mason and part in the county of Flem- and the plaintiff, Hord, recovered a verdict and judgment against the defendants, Bodley and Brown, for so much of the-land in contest as is in their possess*on arlc* ^es *n the county of Fleming; and the other defendants recovered a general verdict and judgment against Hord.
The questions presented for the decision of this court, grow out of bills of exceptions taken by Hord on the trial in the circuit court.
The defendants relied upon .an adverse possession for upwards of twenty years, and introduced evidence to prove that each of them had entered upon their respective parcels some time in 1792 or 1793, and that they had continued thereon ever since. The plaintiff, Hord, then proved that some time in 1804, he entered upon that part of the land common to both, patents, which lies in the county of Mason, and improved the same by clearing six or seven acres, and that he has continued possession thereof ever since. After the evidence was thus introduced, the court, on the application of the do *23 fendants, instrücted the jury that the entry an<j occupancy of Hord in the county of Mason, did not prevent the running of the statute of limitations against him, as to that part of the land which lies in the county of Fleming; and that although under all the circumstances, the jury might be of opinion the statute of limitations would not bar the plaintiffs’s action, yet he could not recover in this suit any part of the land which lies in the •county of Mason,
In thus instructing the jury, we think the court decided correctly. It was undoubtedly correct to inform the jury, that in this action, the plaintiff could recover no land in the county of Mason. The action was brought in the county of Fleming, and being in its nature local, there can, of course, be ho recovery of any land which lies in any other county.
And if no land out of the county of Fleming can be recovered in an action brought in that county, it necessarily follows, that the court was correct in instructing the jury that the entry and occupancy of the plaintiff, Hord, in the county of Mason, did not stop the running of the statute of limitations as to the land which lies in the county of Fleming; for wherever a person has been ousted of his possession, it is a settled rule, that to regain the possession by entry, the entry must pursue the ’ action for its recovery. Thus, says Lord Coke, “the entry of a man to recontinue his inheritance or freehold, must ensue his action for the recovery of the same; as, if three men disseize me, severally, of three several acres of land, being all in one county, and I enter into one acre, in the name of all three acres, this is good for no more but for that acre which I entered into; because each disseizor is a several tenant of the freehold, and as I must have several actions against them for the recovery of the land, so mine entry must be several.” And again .he observes, “if the land lies in several counties, there must be several actions, and, consequently, several entries.” Cok. Lit. 252 b.
The judgment must, therefore, be affirmed with costs.