Judge Ewing
delivered the Opinion of the Court in this case— in the decision of which, thef Chief Justice took no part.
.The heirs of John Totton, as lessors, recovered a judgment in ejectment against the.heirs of William Cook, for a lot of ground in Lancaster, from which the defendants have appealed to this Court.
Numerous errors have been assigned, but we deem it necessary to notice only two.
First. It appears that one of the defendants, at least, was an infant, and no order was made appointing a guardian ad litem for him, uiitií long after, and at a subsequent. term to that at which the issue was made up. And there is nothing in the record showing that the guardian thus appointed ever appeared, joined issue, or took any other step, in behalf of his ward, after his appointment.
The lease, entry and ouster, as to all the defendants, purports to have been confessed by an attorney, and *109 the issue to have been joined by him. This was certainly irregular.' An infant should- appear and defend by guardian ad litem, and not by attorney.
PltPs title.
DePts title.
Second. But there is a more radical error in the proceedings.
■The lot in contest was conveyed, by the trustees to Totton, by deed bearing date the 2d day of June, 1798, and his heirs claim title under this deed.
The defendants below introduced a paper purporting to be a deed executed by Totton to Jesse Reynolds, for the lot in contest, bearing' date the 26 th day of June, 1805, with Jesse Reynolds’ assignment endorsed on the same, transferring the deed to Arabia Brown, dated the 15th day of February, 1807. Also, the. folio wing endorsement on the deed: “Proved 21-st December, 1807. B. Letcher” — which was proven to be in the hand writing of the then acting clerk, who is since deadj with a certificate at tlm foot of the deed, with the name of the then clerk attached, with the initials of his office appended, certifying that the deed was; proved by the two subscribing witnesses, on the 21st September, 1807,-and admitted to record; and proved that the deed was spread on the records of the Garrard County Court.
They also proved that Evans, one of the subscribing witnesses, had been dead about twenty-five years, and introduced .evidence tending to show that his signature as a witness was in his hand writing. Also, they proved thatTotton had died many years before, and that the lot in contest had never been improved or occupied by him or his heirs; but introduced proof tending to show that it had generally been possessed by persons claiming title under said deed.
They also offered to read a deed from Jesse Reynolds to Arabia‘Brown, dated the 20th day of April, 1807, and duly recorded; and a deed from Brown to John Spratt, dated the 5th day of September, 1814.
All of which deeds were excluded from the jury by the Court.
In this, it seems to us quite clear, that the Court has erred.
Deeds 30 yeara old — especially when they have accompanied the-possession, have been held to be competent evidence of title, without proof of their execution.
It has been decided that, the clerk s certificate is no evidence of the due execution of a deed, where the proof, or acknowledgment, certified by him, was not made within the time prescribed by law. [But see theactof 31 §10. S. L 453.J A deed offered in evidence, was over thirty years old; bore the clerk's certificate that it was proved and Recorded in the proper office, tho’ about 2 years too late; there was evidence conducing to prove that the hand writing of one of the subscribing witnesses, long since dead, was genuine, and proof also, that the possession had generally been held by, those claiming as evidence. under that deed: under all these circumstances, the deed was admissible
The deed from Totton was more than thirty years old; and it has been decided that it was competent to read such a deed in evidence, as an ancient deed, without any proof of its execution; especially when it has accompanied the possession. 1 Starkie, 343-5, and the motes and authorities there referred to. 4 Dana, 424, Bennett vs. Runyan et al.
And though, as has been settled by this Court, after the time has expired for taking the acknowledgment or proof, the clerk was not authorized to take it, or admit the deed to record^and, if taken and, admitted to record, the clerk’s certificate is not evidence of the due execution of the deed, yet, when we take into consideration its age and the endorsement by the clerk, an accredited officer of the Commonwealth, combined with the fact, that the deed had been spread on the records, as a document of title, and had so remained, without question or impeachment, for about thirty years, together with the proof tending to show its connection with the possession, as well as the genuineness of the signature of-one of the subscribing witnesses, who is proven to be dead, we cannot doubt that a sufficient presumption was raised of its authenticity, to permit it to go to the jury. It seems to us that the most incredulous mind could not doubt, under those combined circumstances, that the deed was genuine.
It was also competent to use the other two deeds as connecting links in the chain of title.
It is, therefore, the opinion of the Court, that the judgment of the Circuit Court be reversed, and cause remanded, that a new trial may be awarded. And the appellants are entitled to their costs in this Court.