Chief Justice Simpson
delivered the opinion of the Court.
This was a writ of forcible entry and detainer sued out by the appellants against the appellee, who obtained a verdict and judgment in his favor in the Court below.
An entry upon any part of a iract of land, with the intent to lalte possession of I he whole survey or boun-bary; gives possession to the extent of the sur veyor boundary not held adverseiy by another— but is limited to the lines of the county in whioh the entry is made.
The ease of Hard vs Walker, (-5 Litl. 22.) cited and approved
The appellants assert claim to a tract of 800 acres of land, part of which lies in the county of Franklin, and the residue in the county of Shelby. They and their ancestor, under whom they claim, had been in the actual possession of that part of the land which is i.nFrank-lin county, for many years, claiming the whole eight hundred acres, and using the land in Shelby county as their own, cutting and making sale of the timbergrow-'ing upon it, and treating it in every respect as- part of the land upon which they resided. They had not however, enclosed any part of the land in Shelby county, prior to the entry thereon by the appellee; their improvements and enclosures being all confined to the county of Franklin. The ancestor of the appellants had taken possession of the land in his lifetime, and when he entered upon it in Franklin county, the possession of the whole tract was vacant, and remained so, until the entry by the appellee Xipon the land in Shelby,for which, shortly after it was made, the writ of forcible entry and detainer in this case was sued out.
The only question is, had the appellants possession of the land in Shelby county at the time the appellee entered upon it?
The doctrine is well settled, that one who enters on land intending to take possession of the entire tract, no part of which is held adversely at the time of the en-' try, is in possession to the extent of his claim. As the entry by the ancestor of the appellants was manifestly made with an intention to take possession of the whole tract, no-part of whiJr was then Held adversely, he thereby acquired the possession to the extent of his claim, unless the legal effect of his entry, was limited to the land in the county upon which it was made.
In the case of Hord vs Walker, &c., (5 Litt. 22,) it was decided, that an entry upon land in one county, part of which extended into another county,- did not stop the running of the statute of limitations in favor of the person who was in the adverse possession of the *196 laud in the other county, when the entry was made.— The person who made the entry had the paramount legal title, but the land in the other county was at the time the entry was made, held adversely. The principle settled was, that if a tract of land lies part in one county, and part in another, and the part in the latter is held adversely, an entry in the former by the owner of the paramount legal title, although made with an intention to take possession of the whole, and within the interference of the two claims, yet being made upon the land in one county only, does not invest the person who makes the entry with the possession of the land held adversely in the other county.
Sawder <$■ Myers vs McMillan's heirs, (4 Dana, 456,) oiled and approved.
Where a tract of land lies in two .counties, there must be an enliy 1 n each to give a possession.
In the case of Sowder and Myers vs McMillan's heirs, (4 Dana, 456,) it appeared that the land extended into two counties, and the lessors of the plaintiff claimed that they had acquired the possession of the whole tract, by an entry made by them through an agent upon the land in one county, the possession of the whole land in both counties being then vacant, and that the subsequent entry by the defendants upon the land in the other county was made upon the land in their possession. But the Court decided that the entry of the lessors of the plaintiff upon the land in one county, did not invest them with the possession of the laud in the other county.
Both of these cases recognize the principle of law, that to acquire the possession where the land lies in different counties, there must be an entry in each county. The only point of difference between them is, that one applied the principle to the case of an adverse, and the other to the case of a vacant possession. This rule of law as applicable to both the cases mentioned, is sustained not only by the authorities referred to in the opinions, but also by the case in 1 Leon. 265, cited in 2 vol. Cruise's digest, side page, 367, where, a manor extended into two counties, and the eldest son, upon the death of his father having entered into the demesnes in one county only, it wasbeld that he had not *197 thereby acquired the possession of the land in the other county: (see also 1 vol. Cruise’s digest, side page 64.) Although therefore, the law upon the subject has been denounced in the argument of this case as unreasonable, it seems to be fully sustained by authority; and we have not been able to find, nor have we been referred to even a single modern decision in which it has been either disregarded or overruled. By the entry, upon the land in Franklin county, therefore, the possession of the land in Shelby county, 'Was not acquired. It remains then, only to determine whether the acts proved to have be.en done in Shelby county, invested the appellants with the possession of the land in that county.
An entry upon land in one court ty and the occasional use of aim ber from abe same survey, extending into another courny, will not give such a possession as will authorize the maintaining a wiit of forcible entry & detainer.
These acts according to the doctrine settled in the cases of Braxdale vs Speed, (1 Mar. 106,) Smith vs Mitchell, (1 Mar. 208,) and other subsequent cases, would not, where a person entered and took possession under a junior patent, outside of the boundary of an elder patent, invest him with the possession of that part of the land claimed by him, that was inside of the elder patent. But the main reason for restricting the possession in such a case to the line of the elder patent, does not exist where a county line is the only obstacle to the extension of the possession. The acts done inside of the line of the elder patent would be illegal and tortuous, having been done without right, but if done on the land in the adjoining county, by a person having the right of entry upon the whole tract, who had made an actual entry into part of the land in the other county5 they would be legal, and might authorize the inference that they were done with an intention to extbnd the possession, and if done for that purpose, would in law have that effect.
If such a distinction does exist, and it were proper to recognize and establish it, which we do not at present decide, it could not have any application or effect .in this case. The land in controversy is covered by a patent that issued to John Campbell. The appellants did not show any right to enter upon it. The acts were *198 unauthorized and illegal, and not constituting in themselves an actual possession, will not by operation of law .have the effect of extending the actual possession of the appellants. Campbell’s patent extends into the county of Franklin, and includes'part of the land in the possession of the appellants. But although, the appellants had possession of the land in Franklin county inside of the interference, yet that possession would not even if continued twenty years toll the patentees right of entry ? ’to the land in Shelby, Nor did it give to the appellants the right to enter upon the land in contest, and therefore its occasional use did not vest them with the possession of it.
Cates and B. Monroe for appellants. M. Brown for defendant.
Wherefore the judgment is affirmed.