JASPER H. LEE et al. *v.* J. JENKINS et al.

INFANT.—An infant cannot appear by attorney, but only by a guardian.    (2 B. Monroe, 453 ; 6 Dana, 108.)

APPEAL from the Probate Court of Attala county.    Hon. E. M. Wells, judge.

The appellees filed their petition against appellants in the court, seeking to set aside the probate in common form, of the will of one Greely.    Two of the appellants were infants: no guardian *ad litem* was appointed for them, but an attorney appeared on their behalf; and by consent, an issue of *devisavit vel non*, was made, and certified to the Circuit Court of that county.·    A trial was had, and the jury found the issue against the validity of the will.    A new trial was moved for in the Probate Court, but overruled.    No objection was taken in the court below to the failure to appoint a guardian *ad litem,* for the infants.    It appeared that John B. Hemphill's name was in the papers, as the *next friend* of the minors, which, on motion in the Circuit Court, was stricken out, and "it is agreed between counsel, that no advantage be taken of the circumstance of no person having been legally appointed to sue, as the next friend of said minors."

The Probate Court entered judgment on said verdict, setting aside the probate of the will.

*W. E. Pugh*, for appellants,

Objected, that the Probate Court had no jurisdiction, and that the judgment was void, because no guardian *ad litem* had been appointed for the minors.

*Lawson, contrà,*

· Contended, that the court had jurisdiction; and that it did not sufficiently appear that appellants were minors; and that if such facts did appear, the objection could not be raised for the first time in this court, and cited *Meredith* v. *Sanders*, 2 Bibb, 101, 102; *Coulter* v. *Robertson*, 14 S. & M. 18.

FISHER, J., delivered the opinion of the court.

It appears that two of the defendants to the issue tried in the court below, were infants, and were not represented by their guardians, but appeared only by attorney. This was error: an infant defendant can appear only by a guardian. *Shaefer* v. *Cates*, 2 B. Monroe, 453; *Cook* v. *Tatton*, 6 Dana, 108.

Decree of the Probate Court reversed, and cause remanded to that court.