Harlan, &c., v. Howard, &c.

---

CASE 77—ORDINARY—APRIL 20, 1881.

## Harlan, &c., v. Howard, &c.

### APPEAL FROM LEWIS CIRCUIT COURT.

1. The admissibility of ancient deeds does not depend upon the fact that the party producing them is in possession of the land in controversy.

2. A deed over thirty years old, unblemished by alterations, and produced by those whose custody affords a reasonable presumption that it is genuine, proves itself, the witnesses of the fact being presumed to be dead.

3. The credibility of the evidence contained in such deeds belongs to the jury.

Harlan, &c., v. Howard, &c.

4. There was sufficient evidence upon the issue to allow the case to go to the jury.

5. Section 62, Civil Code, has changed the rule in regard to possession of land lying in two counties.

B. F. BENNETT FOR APPELLANTS.

The court erred in refusing to permit appellants to read to the jury the deed from Keith to Harlan. It is more than eighty years old. (Harlan v. Seaton, 3 B. Mon., 312; Greenleaf on Ev., vol. 1, secs. 21, 46, 141, 144, 570; Hedges v. Ward, 15 B. Mon., 115; Bennett v. Runyan, 4 Dana, 423; 2 Bibb, 421; Bowling v. Ewing, 9 Dana, 77; Thurston v. Watson, Ib., 233; 6 B. Mon., 532; Burgen v. Chenault, 9 B. Mon., 7; Blight v. Atwell, 7 B. Mon., 267; Sharp v. Wickliffe, 3 Litt., 12; 5 Dana, 241; 6 Dana, 109; 2 B. Mon., 434; 4 Ib., 20.)

WADSWORTH, THOMAS & PHISTER FOR APPELLEES.

1. The bill of exceptions does not state that it contains all the evidence.

2. Possession of land in one county cannot be construed to give possession in another. (Herd v. Walker, 5 Litt., 22; Sowder v. McMillan, 4 Dana, 456; Roberts v. Long, 12 B. Mon., 195.)

3. There was no legal proof of the execution of the deed from Keith to Harlan, and it was properly excluded. (Howland v. Hardin, MS. Opin., 1876; 1 Greenleaf on Ev., 141; Cook v. Totten, 6 Dana, 109; Winston v. Gwathmey, 8 B. Mon., 21.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The judgment against appellants for costs of the continuance at the November term, 1876, was proper, because they were not ready on the day the case was set and called for trial, and the postponement until the next day, upon condition that they should continue the case at their costs, should appellees not be ready, was authorized, as the postponement was a matter of grace altogether.

It appears from the evidence that Seaton's heirs were in possession of a part of the Keith patent boundary, lying in Greenup county, and that Harlan's heirs recovered it from them in an action determined in 1859.

Thereupon Seatons surrendered their possession and claim to Harlan's heirs.

Shortly thereafter the agent of appellants, who claim to be Harlan's heirs, placed several tenants in possession of portions of the Keith patent, lying in the county of Lewis, and settled himself on Montgomery creek, in that county, within the boundary of the patent, claiming the whole of it for the appellants.

Upon the trial, they offered to read a paper, purporting to be a deed from Keith to appellants' supposed ancestor, bearing date October 24th, 1794, in evidence as an ancient document.

The appellees objected, and it was shown by the evidence that this paper was seen by the witnesses as early as 1851, the year in which it was recorded in the clerks' offices of Greenup and Lewis counties, in which the Keith patent, a continuous body of land, lies, being partly in one and partly in the other county.

The same paper was seen several times thereafter in the suit of Harlan's heirs v. Seaton's heirs, and in the possession of appellants' attorneys.

After this testimony was heard, the court refused to allow appellants to read the paper as evidence, and they excepted.

It is contended by appellees that evidence of possession must accompany ancient documents to render them admissible evidence.

While it is true in the cases cited of Thruston, &c., v. Masterson, &c., 9 Dana, 233; Winston v. Gwathmey's heirs, 8 B. Mon., 20; and Cook's heirs v. Totten's heirs, 6 Dana, 109, in which deeds were admitted in evidence as ancient documents, there was more or less evidence of possession; yet we do not understand that the admissibility of such evidence depends upon testimony of accompanying possession of the lands claimed to be embraced by the deed.

Harlan, &c., v. Howard, &c.

But where such instruments are over thirty years old, unblemished by any alterations, and are produced by those whose custody affords a reasonable presumption of their genuineness, they are said to prove themselves, the witnesses of the fact of execution being presumed to be dead.

It has been settled by the weight of authority that ancient deeds of conveyance of real estate are admissible without first requiring the party offering them to show acts of possession over the lands embraced by them.   For until the court is made acquainted with the tenor of the instrument, the natural order of introducing the evidence would be reversed by requiring proof of corresponding possession.

The genuineness of such instruments may be shown by other facts as well as that of possession.

And when proof of possession cannot be had, it is within the very essence of the rule to admit the instrument where no evidence justifying suspicion of its genuineness is shown, and it is found in the custody of those legally entitled to it.

These principles are laid down and sustained by potent reasons in Hewitt v. Cock, 7 Wend., 373; Jackson, d, Wilkins v. Lamb, 7 Cowen, 431; Barr v. Gratz, 4 Wheat.; Jackson, d, Lewis v. Laroway, 3 Johns. Cas., 283; Wilson v. Betts, 4 Denio, 201; McKenzie v. Frazier, 9 Vesey; 5 Cowen, 223; and in sections 21, 141, 144, and 570 of Greenleaf's Evidence, vol. 1.

· But we must be understood as applying these rules solely to the admissibility of the deed as evidence and not to the weight of the evidence it affords.   The strength and credibility of the evidence belong to the province of the jury, as they may, even after the deed shall be admitted, be convinced of its want of genuineness from other evidence that

Harlan, &c., v. Howard, &c.

may come in during the progress of the trial. This deed certainly was competent evidence, and the court erred in excluding it from the jury.

There was also enough evidence of the heirship of appellants, and of possession in Lewis county, to justify the court in allowing the case to have gone to the jury. But we refrain from analyzing the evidence on those questions, because a new trial must be awarded the appellants, and we do not, therefore, wish to express our views of its sufficiency or insufficiency.

The appellees contend that when a tract of land lies in two counties, possession in one does not give, or is not construed to give, possession in the other county.

Such was the effect of the decisions of this court in Hord v. Walker, 5 Litt., 22; Sowder v. McMillen's heirs, 4 Dana, 456; and Roberts' heirs v. Long, 12 B. M., 195; but section 62 of the Civil Code has altered that rule, and provides that actions for the recovery of real property, or of an estate or interest therein, must be brought in the county in which the subject of the action or *some part thereof* is situated.

And it follows, that although the Keith patent boundary may lie in the two counties, proof of title and the right to possession of any part thereof in Lewis county, where this action was brought, will sustain it to the extent of such proof, and also as to such parts of the boundary in Greenup county, connected with that in Lewis county, as to which the evidence may establish a like title and right of possession.

The corrected order showing the verdict and judgment thereon was entered before the motion for a new trial was disposed of, and we think it sufficiently clear that the mo-

tion was intended to relate to that order, and the court so treated it.

The evidence by depositions for appellees, copied into the record, but not embodied in the bill of exceptions, or read to the court or jury, cannot be considered in determining the questions raised upon this appeal.

Wherefore, the judgment is reversed and cause remanded, with directions to grant appellants a new trial, and for further proper proceedings.