## Blevins v. Blackburn.

(Decided November 23, 1920.)

### Appeal from Pike Circuit Court.

Adverse Possession—Effect of Possession in One County Where a Tract of Land Lies in Two Counties.—Where the boundary of a tract of land lying in two counties is well defined or well marked possession in one county, accompanied by a claim of the whole, will carry with it possession in the other.

R. H. COOPER and J. M. ROBERSON for appellant.

J. S. CLINE and CLINE & STEELE for appellee.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

Plaintiff, Mont Blevins, brought this suit to recover a tract of land in Pike county. The defendant, Thomas Blackburn, denied plaintiff's title, and pleaded title in himself by adverse possession. On final hearing plaintiff's petition was dismissed, and defendant was adjudged to be the owner of the land.

Plaintiff claims title as heir of his daughter, who, in the year 1903, obtained a patent covering the land. On the other hand, defendant claims title by adverse possession. It appears that, in the partition of the land of Hiram Clark, a tract of land lying partly in Floyd county and partly in Pike county, and including the land in controversy, was allotted to Goodin Clark. Thereafter it was conveyed by him and his brothers and sisters to Thomas and Cornelius Johnson. By subsequent conveyances the title passed to the defendant.

In view of the conclusion of the court we deem it unnecessary to determine whether, at the time the patent was obtained by plaintiff's daughter in the year 1903, the land was covered by a prior valid patent. In our opinion the evidence is sufficient to show that the boundary of land allotted to Goodin Clark was marked by those making the partition, and Clark and his successors in title occupied that portion of the land lying in Floyd county for more than fifteen years and claimed the entire tract to a well marked boundary, though it does not satisfactorily appear that they actually entered upon that portion of the land lying in Pike county and held same for that period of time.

Therefore, we have presented the question whether when a tract of land lies in two counties, possession in one gives possession in the other. The court had occasion to consider this question in the case of Harlan, &c. v. Howard, &c., 79 Ky. 373, and there used the following language:

"The appellees contend that when a tract of land lies in two counties, possession in one does not give, or is not construed to give, possession in the other county.

"Such was the effect of the decisions of this court in Hord v. Walker, 5 Litt. 22; Sowder v. McMillen's Heirs, 4 Dana 456; and Robert's Heirs v. Long, 12 B. M. 195; but section 62 of the Civil Code has altered that rule, and provides that actions for the recovery of real property, or of an estate or interest therein, must be brought in the

county in which the subject of the action or some part thereof is situated.

"And it follows, that although the Keith patent boundary may lie in the two counties, proof of title and the right to possession of any part thereof in Lewis county, where this action was brought, will sustain it to the extent of such proof, and also as to such parts of the boundary in Greenup county, connected with that in Lewis county, as to which the evidence may establish a like title and right of possession."

The foregoing rule may appear unsound at first, but not so when considered in the light of the reason given for the original doctrine on the subject. Thus, it was said at an early time: "If the land lies in several counties, there must be several actions, and consequently several entries." Cok. Litt. 252b. In the early case of Hord v. Walker, 5 Litt. 22, the land which was common to two patents lay partly in the county of Mason and partly in the county of Fleming. Hord proved that he entered upon that part of the land common to both patents, which lay in the county of Mason, and continued in possession thereof for several years. After this evidence was introduced, the court, on the application of the defendants, instructed the jury that the entry and occupancy of Hord in the county of Mason did not prevent the running of the statute of limitations against him as to that part of the land which lay in the county of Fleming; and that, although under the circumstances the jury might be of the opinion that the statute of limitations would not bar plaintiff's action, yet he could not recover any part of the land which lay in the county of Mason. In approving this instruction, the court said:

"In thus instructing the jury, we think the court decided correctly. It was undoubtedly correct to inform the jury, that in this action, the plaintiff could recover no land in the county of Mason. The action was brought in the county of Fleming, and being in its nature local, there can, of course, be no recovery of any land which lies in any other county.

"And if no land out of the county of Fleming can be recovered in an action brought in that county, it necessarily follows, that the court was correct in instructing the jury that the entry and occupancy of the plaintiff, Hord, in the county of Mason, did not stop the running of the statute of limitations as to the land which lies in the county of Fleming; for wherever a person has been

ousted of his possession, it is a settled rule, that to regain the possession by entry, the entry must pursue the action for its recovery.''

It will thus be seen that the rule, that possession in one county of a part of a tract of land does not extend to that part lying in another county, grew out of the question of jurisdiction. Aside from this consideration, no good reason is perceived why a man's possession should be interrupted by a county line. Hence, when the difficulty connected with the question of jurisdiction was removed by section 62 of the Civil Code, the reason for the rule ceased, and we adhere to the view that where the boundary of a tract of land lying in two counties is well defined or well marked, possession in one county, accompanied by a claim of the whole, will carry with it possession in the other. It follows that the judgment was proper.

Judgment affirmed.