NATIONAL BANK OF COMMERCE, APPELLEE, v. EDITH R. CHAMBERLAIN, APPELLANT.

FILED OCTOBER 5, 1904. No. 13,608.

1. **Review.** Issues in the district court examined, and *held* reviewable, on appeal, by this court.

2. **Homestead** rights cannot be divested by the act of the husband alone, but subsist in the wife after she has been abandoned by her husband.

3. **Homestead:** ABANDONMENT. Both an intention to abandon and an actual abandonment must concur in order to show an abandonment of the homestead.

4. ———: ALIENATION. A homestead is not a subject of fraudulent alienation.

APPEAL from the district court for Johnson county: JOHN S. STULL, JUDGE. *Reversed with directions.*

*Halleck F. Rose, W. B. Comstock,* and *Ed M. Tracy,* for appellant.

*S. P. Davidson, contra.*

OLDHAM, C.

On the 2d day of September, 1902, the National Bank of Commerce of Kansas City, Missouri, brought a suit at law against Charles M. Chamberlain on 5 promissory notes in the district court for Johnson county, Nebraska. On the 3d day of September it caused an attachment to issue in aid of its suit at law, and at the same time levied on a large amount of property alleged to have been owned by Charles M. Chamberlain, who had previously absconded and fled from the county and state. Among other prop-

erty, the attachment was levied upon an irregularly described piece of land containing about 60 acres, on which Edith R. Chamberlain, the wife, and three minor children of Charles M. Chamberlain were residing, and on which they had continuously resided for a long time before the levy of the attachment. William W. Wheatley, as treasurer of Johnson county, also had an attachment levied on all this property in aid of a judgment which he had procured against Charles M. Chamberlain and others, as sureties, on the depository bond of the Chamberlain Banking House. The two causes of action were consolidated by agreement and tried together. The treasurer of the county was defeated on the merits of his attachment, and is only here asking for relief from a portion of the costs taxed against him. The issues on costs between the county treasurer and other parties to the suit will be subsequently determined on a motion to retax costs and need not be further considered. After the levy of the attachment on the property claimed as a homestead, Edith R. Chamberlain presented an application to intervene, in which she represented to the court that the attachments were wrongfully levied upon her homestead; that she is the wife of Charles M. Chamberlain, and that she, with her three minor children, reside upon and occupy the premises as a homestead; that the husband is absent from the county and that she has a right to appear for herself and minor children; that the sheriff of Johnson county has levied upon and holds the homestead (describing it), and threatens to sell said homestead under the levy so made; that on the date of making the levy she informed the sheriff that said premises constituted her homestead, and that she subsequently served written notice on the sheriff that she claimed said property as her homestead; that the action is not based upon any debt secured by mechanics' liens, laborers' liens, or vendors' liens, nor upon any debt secured by a mortgage on the said land; that the premises are incumbered by a mortgage of $1,000 and by the taxes for the year 1902, and that their total value, exclusive of

incumbrances, does not exceed $2,000; that she and her husband are residents and citizens of the state of Nebraska and Johnson county; that the levy of the attachment puts her title to her homestead in question and casts a cloud thereon. The cross-petition concludes with the following prayer:

"Wherefore, intervener prays that the said levy be declared not a lien upon the said premises; that the cloud thereby cast be removed from the said premises; that the plaintiff be perpetually enjoined from asserting or claiming any lien upon the said premises by virtue of judgment, or the said order of attachment, or the levy thereunder; that William H. Cummings, sheriff of Johnson county, Nebraska, be perpetually enjoined from selling the said premises by reason of the said order of attachment or the levy thereunder; that title to said premises may be quieted in and declared intervener's homestead, and for such other and further relief as may be just and equitable."

The bank filed an answer to this cross-petition, in which it alleged, in substance, that the amount of the property claimed as a homestead was more than the head of a family is entitled to under the law, and it is worth more than $3,000; that the indebtedness upon which the judgment sued on was obtained was incurred by fraud practiced upon the plaintiff by defendant, Charles M. Chamberlain, and that the defendant has absconded and is a fugitive from justice at this time, and neither he nor this intervener is entitled to any homestead exemption for that reason. On the issues thus joined there was a trial on the intervener's petition to the court, who found the issues all in favor of the plaintiff bank, and directed a sale of the property in controversy under the levy. From this order and judgment, Edith R. Chamberlain prosecuted her appeal to this court.

The first question urged on behalf of the plaintiff bank is that the intervening petition of Edith R. Chamberlain was treated by the court below merely as a motion to dissolve the attachment, and that, as the attachment pro-

ceeding was a purely legal action, the judgment of the court in overruling a motion to dissolve the attachment can only be reviewed upon error and not by appeal. An inspection, however, of the intervening petition shows clearly that the intervener asked only for such relief as a court of equity alone could grant. While the court might have refused to permit the intervention and required the intervener to have brought an independent action for the relief sought, yet he did otherwise, without any objection from the plaintiff bank, and when the petition was filed, the bank answered without objecting to the manner in which it was brought into court, so that the court obtained full jurisdiction both of the persons of the litigants and the subject matter of the controversy; and it makes no difference what he may have styled the proceedings in his journal entry, it was and is a suit in equity to remove the cloud from the homestead of the intervener, and as such the final order of the district court, denying the relief prayed for, is reviewable by this court on appeal.

The court found, without a scintilla of proof or any allegation in the answer of the bank to support the finding, that the mortgage on the homestead was fraudulently executed, without consideration, and for the purpose of defeating the creditors of Charles M. Chamberlain. This finding, after an examination of the record, we are compelled to set aside as unsupported either by the pleadings or proof, and as a matter not properly in issue.

The court also found, without testimony other than the admission of the intervener, that after her husband absconded she had tried to effect a sale of her homestead for $2,000, and that she had abandoned the homestead. In view of the fact that she and her minor children were at that time, and still are, residing on the homestead, this finding flies in the face of both the homestead law of our state and the testimony contained in the bill of exceptions, and must also be set aside as wholly unsupported by the evidence.

On the question of the value of the property claimed as

a homestead, there was some difference in the opinion of the witnesses. Some placed the value at $3,000, others at at $3,500, and still others as high as $4,000. But as the question of a surplus can be determined on the proceedings authorized by statute after the judgment we shall presently direct, it is not necessary now to determine what the actual value of the lands claimed is.

There are certain questions connected with homestead rights that have been so often determined by this court that they should now be the common knowledge of every member of the bar in this state. One of these is that homestead rights cannot be divested by the act of the husband alone, but subsist in the wife after she has been abandoned by her husband. The principle has been so often announced from this court that citations in its support are unnecessary. Another principle is that both an intention to abandon and an actual abandonment must concur in order to show the abandonment of the homestead, and still another is that the homestead is not a subject of fraudulent alienation. Applying these three principles to the testimony in the record, we conclude that the fact that Charles M. Chamberlain had absconded and departed from the state did not, and could not, divest his wife and minor children of the homestead which they then occupied; that, in order to show an abandonment of the homestead, it was necessary not only to prove that the intervener intended to, but actually had, abandoned it; and further, that even if intervener had sold her homestead, she had a right to do this under the law, and her act in doing so would not have been in fraud of any of the rights of creditors, either of her husband or herself.

Lastly, even if there be a surplus in this homestead, such fact would not authorize its levy and sale on execution or attachment after notice of the homestead character of the premises had been duly served upon the sheriff. But the proceeding to finally reach the surplus must be had in the manner directed in sections 5-13, chapter 36, Compiled Statutes, 1903 (Annotated Statutes, 6204-6212).

There is some complaint in the brief of plaintiff bank as to the sufficiency of the bill of exceptions, but these matters have already been settled by the court proper. and need not be further considered.

We therefore recommend that the judgment of the district court be reversed and the cause remanded, with directions to the court below to enter a judgment as prayed for in plaintiff's petition for a homestead of the value of $2,000 above liens and incumbrances in the lands described in her petition.

AMES and LETTON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded, with directions to the court below to enter a judgment in favor of the intervener for a homestead of the value of $2,000 above liens and incumbrances in the lands described in her petition, and for such other proceedings as may be required, in conformity to this opinion.

JUDGMENT ACCORDINGLY.