APRIL TERM, 1909.

## JONES ET AL. v. KEPFORD.

HOMESTEAD — ABANDONMENT — INTENTION — EVIDENCE — BURDEN OF PROOF.

1. The abandonment of a homestead requires a union of the act of removing from the premises and an intention to not further retain the same as a homestead, or the formation of an intention after such removal of remaining away. The physical act of removing is not sufficient unless attended or followed by an intention to actually abandon the homestead. Temporary absence without such intention is not sufficient.

2. Where the homestead right is challenged on the ground of abandonment, and it appears that the premises had been occupied as a homestead by the owner and his family, the burden of proof is upon the party assailing it to overcome the presumption that the premises continued to be a homestead by showing its abandonment as such.

3. The loss or relinquishment of a homestead exemption is not favored by the law.

4. The right of a statutory homestead which accrues to a husband inures to the benefit of his wife and continues as a vested right until abandoned or relinquished or until extinguished in an action upon a claim which is enforceable against the premises occupied as a homestead.

5. The owner and his wife had occupied certain premises as a homestead, and rented a tract of land which was situated in the same enclosure as the homestead and cultivated in connection with it and a desert entry of the husband which lay between the homestead and the rented tract. They moved into a dwelling house on the rented land where the wife as postmistress kept the postoffice, and took with them a part of the household furniture, bedding, &c., leaving the balance in their house on the homestead. After living in the house upon the rented premises for about two years they moved back into the house on the homestead, the homestead premises having continually remained in their possession. The wife testified that she did not at any time abandon or relinquish her right of homestead. *Held,* that the facts did not show an abandonment of the homestead.

6. The fact that the husband had rented the homestead prem-
   ises to his wife *held* not to show an abandonment, but to
   disclose an intent that the right of occupancy of the home-
   stead should at all times remain in the family, it appearing
   from the evidence that it did so remain.

[Decided April 5, 1909.]

Error to the District Court, Big Horn County; Hon.
Carroll H. Parmelee, Judge.

The action was brought by Walter A. Kepford against
Martin L. Jones and Mattie K. Jones, his wife, to enjoin
the defendants from interfering with the plaintiff's enjoy-
ment of a private right of way across certain premises of the
defendants, and for damages. From a judgment in favor
of the plaintiff, the defendants brought error. The facts are
stated in the opinion.

*W. L. Walls* and *E. E. Enterline,* for plaintiffs in error.

Under Section 2770, Revised Statutes, 1899, the home-
stead right is preserved to the "owner or occupant," and
consequently in the alienation of the homestead it is neces-
sary for the wife to join even though there had not been
actual occupancy. Conceding, however, the necessity for
actual occupancy the evidence clearly established an oc-
cupancy by the plaintiffs in error. The mere fact that the
owner and his wife moved to another place is not in itself
sufficient to establish abandonment, but there must be also
evidence to show an intention to not return, or, that after
such removal an intention to remain away was formed.
(Banks v. Chamberlain, (Neb.) 100 N. W. 943; Edwards
v. Reid, 39 Neb. 645.) The fact that the plaintiffs in error
exercised control over the homestead continually, and that
they returned to it, in connection with the testimony of
Mrs. Jones that she never abandoned the homestead, suf-
ficiently shows the absence of any intention to abandon. The
fact that they temporarily lived on rented property is a cir-
cumstance tending to show that there had been no abandon-

ment, especially as they did not at any time surrender to any one possession of the homestead. (Waples on Homestead and Exemptions, 558-559, and cases cited).

When premises have become invested with the homestead character a constructive occupancy will be sufficient to retain it, and it will not be lost by a temporary absence with no intention of abandonment. (Waples 186, 187, 189.) No abandonment is occasioned where the former residence tract is used in connection with a neighboring one to which the family of the homesteader removes. (21 Cyc. 604; 15 Ency L., 2nd Ed. 645; Summers v. Sprigg, (Ky.) 35 S. W. 1023; Chase v. Barnard, 64 N. H. 615.) Homestead rights must be upheld unless clearly shown to have been abandoned. Continued personal occupation is not necessary and what period of absence is necessary to work a forfeiture must depend upon the circumstances of each case. (Lyons v. Andry, 106 La. 356; Thompson on Homesteads and Exemptions, Sec. 272.) The leasing of homestead premises during a temporary absence does not constitute abandonment. (15 Ency L., 2nd Ed. 651; Towne v. Rumsey, 5 Wyo. 11.)

*Ridgely & West,* for defendant in error.

The evidence conclusively shows an abandonment of the homestead. Under Section 3902, Revised Statutes, 1899, the alleged homestead would not be exempt from the attack of creditors. And not being exempt there is clearly a complete abandonment for all purposes with reference to the homestead law. The usual definition of "homestead" clearly excludes the defendants below, plaintiffs in error here, from the benefit of the contention that at the time of the conveyance in question the land in controversy constituted a homestead. (5 Ency. L. 525; Towne v. Rumsey, 5 Wyo. 15; Ullman v. Abbott, 10 Wyo. 97.) The evidence is clear that the plaintiffs in error had interfered with the right of way conveyed to the defendant in error, thereby authorizing the relief prayed for.

SCOTT, JUSTICE.

At the suit of defendant in error the plaintiffs in error, their agents, successors and assigns were perpetually enjoined from interfering with the defendant in error in the peaceable use and enjoyment of a private right of way over and across plaintiffs in error's premises and was awarded a judgment for damages in the sum of $70. The case was tried without the intervention of a jury to assess the damages and the court made and entered its special findings of fact and the case is brought here on error.

The findings of fact are as follows:

"1st.  That the defendant Martin L. Jones is the owner of a certain piece of land as described in the petition of the plaintiff.

"2nd.  That on the 13th day of June, 1905, the defendant, Martin L. Jones, by deed granted to the plaintiff a right of way over and across said land.

"3rd.  That at some time more than two years previous to the granting of the right of way to said Kepford, the said Martin L. Jones and Mattie K. Jones had resided upon the tract of land through which the said right of way was granted, with their family but not for more than two years previous to June 13th, 1905.

"4th.  That Martin L. Jones is the husband of Mattie K. Jones and both of them have resided in the State of Wyoming during all times mentioned in the petition and answer..

"4th.  That at the date of said instrument the defendants had abandoned their residence on the land described, and had not resided upon said land for a period of over two years, and had maintained residence elsewhere in the State of Wyoming for themselves and family during all of that time; and that said land was not a homestead of defendants at the date of said instrument.

"5th.  That both of said defendants have wrongfully interferred with the plaintiff in his peaceful enjoyment of said right of way, to the plaintiff's damage in the sum of $70.00.

"6th. The court further finds as a matter of law: that the instrument in question, dated June 13th, is a good and sufficient grant of a right of way over and across the land in question. The court, being fully advised in the law and the premises, it is

"*Therefore* ordered, adjudged, and decreed that the injunction herein prayed for, be, and the same is, hereby made permanent; that the plaintiff be awarded judgment against the defendant herein in the sum of $70.00, and said judgment is hereby awarded, and that plaintiff have and recover from the defendants herein his costs herein expended, assessed at the sum of $..........., for which costs and damage execution will issue."

It is urged that the second part of the 4th and the 5th finding of fact are each unsupported by the evidence and that the court erred in its 6th finding as a conclusion of law.

It was claimed by the plaintiffs in error that the premises over and across which the defendant in error claims the right of a private way was their homestead at the time of the execution of the deed by Martin L. Jones and that that instrument was void owing to the fact that Mattie K. Jones, his wife, did not join in its execution. The defendant in error rests his right under the deed on the claim that at the time of the execution of the deed the plaintiffs in error had abandoned their right of homestead. This is the theory upon which the case was presented, both in the court below and here, and excludes from our consideration all questions other than that of abandonment, for it seems to be conceded both in theory and in argument that if the right of homestead existed at the time of the execution of the deed then the latter was void because of the absence of the signature of the wife.

The word *abandoned* as used in the 4th finding of fact with reference to the abandonment of a homestead has a well defined meaning. It requires a union of the act of removing from a homestead and an intention to not further retain it as a homestead, or the formation of an intention

after such removal of remaining away, in other words, the physical act of removing is not sufficient unless attended or followed by an intention to actually abandon the homestead. (Bank v. Chamberlain, (Neb. 1904.) 100 N. W. 943; Edwards v. Reid, 39 Neb. 645, 42 A. S. 607.) Temporary absence without such intention is not sufficient.

The evidence shows that the premises were owned by the plaintiffs in error and that the land had been occupied by them as a homestead. This fact was known to the defendant in error and the burden rested with him to overcome the presumption that the premises continued to be a homestead by showing its abandonment as such.

The evidence as a whole tended to show that the plaintiffs in error rented a tract of land which was in the same enclosure as the homestead, though not adjoining it, and which was cultivated in connection with it and a desert entry of the husband which lay between the homestead and the tract so rented. On the latter tract was a dwelling house and the wife being postmistress, moved into this house where she kept the postoffice and took with her a part of the household furniture, bedding, &c., leaving the balance in their house on the homestead. The homestead was never sold or rented but at all times remained in their possession. That they lived in the house on the rented premises something over two years and that late in August or early in September, 1905, they moved back into the house on the homestead where they have lived ever since. The wife further testified that she at no time signed a waiver, nor did she at any time abandon or relinquish her right of homestead.

The loss or relinquishment of a homestead exemption is not favored by the law nor does the evidence in this case show a clear and unequivocal intention to relinquish or abandon such right. Unless such intention is shown and accompanied or preceded by a removal from the homestead, then there is no abandonment, (Barrett v. Nelson, 102 Ill. 302) ; nor will absence from a homestead for the purpose

of holding an official position as a rule forfeit a homestead right. (Moline Plow Co. v. Vanderhoof, 36 Ill. App. 26; McInturf v. Woodruff, 9 Lea. (Tenn.) 671.) A constant and abiding intent to return coupled with a temporary absence is inconsistent with an abandonment of a homestead, (21 Cyc. 602) and if there was a present intent to return at the time of the removal then the fact of removal did not constitute an abandonment or forfeiture of the homestead right. (Duffy v. Willis, 99 Mo. 132, 125 S. W. 520.) A prolonged absence from a homestead does not of itself raise a conclusive presumption that the right of homestead has been abandoned, (21 Cyc. 605 and note) ; and it has been held not to be an abandonment when the former residence tract was used in connection with a neighboring one to which the family of the homesteader removed, (21 Cyc. 604; Waples on Homestead & Exemptions, pp. 558 & 559; Summers v. Sprigg, 35 S. W. 1033; 18 Ky. L. Rep. 206; Chase v. Barnard, 64 N. H. 615, 17 Atl. 410; Nichols v. Nichols, 62 N. H. 621) ; nor is it an abandonment when the owner moved from a town house to a country residence, leaving part of his personal effects in the former and intending to return. (21 Cyc. 604; Black v. Black, 12 S. W. 147, 11 Ky. L. Rep. 378; Potts v. Davenport, 79 Ill. 455; Repenn v. Davis, 72 Iowa 548; 34 N. W. 326.) It has been repeatedly held that the mere act of leasing or renting out a homestead does not of itself constitute an abandonment. (21 Cyc. 610.) In the case before us the husband had rented the homestead to his wife, who is his co-plaintiff in error. Such act does not show an abandonment, but on the contrary, it discloses an intent that the right of occupancy of the homestead should at all times remain in the family and the evidence shows that it did so remain.

While there is no direct evidence of intention not to abandon their homestead, yet such intention is disclosed from the evidence taken as a whole. The claim that it was their homestead is entirely consistent with the facts proven. They were in its exclusive possession and occupancy all the

time and their acts did not at any time disclose upon their part an intention to abandon it as their homestead. They had so far as the record discloses no title in fee to other land in that vicinity and their possession and occupancy was notice to Kepford not alone of their title but of the character of such title and the manner in which they occupied such premises. From aught that appears in the evidence they always claimed the premises as their homestead and this fact is not disputed by Kepford who rests his claim of abandonment solely upon evidence of their removal to and living in the house on the rented premises. Upon this evidence the claim of abandonment cannot be sustained. (McInturf v. Woodruff & Co., *supra*; Mattingly & Co. v. Berry, 94 Ky. 544.) There is no evidence in the record from which the trial court could properly find that plaintiffs in error left their house on the homestead with the intention then or thereafter formed of not returning. (Edwards v. Reid, *supra*.) In Summers v. Sprigg, *supra*, a husband owned a homestead of less than the statutory exemption and moved a short distance to a farm owned by his wife, but connected with it by a public road. He never ceased to claim his homestead in the land which was the only tract he owned and used it in good faith for the benefit of himself and family, and in connection with his wife's land as though the two tracts were contiguous. Upon the facts it was held that there was no abandonment of the husband's homestead, and in a suit by the husband to quash a levy on his interest in the land so claimed as a homestead the lower court having held that there was an abandonment, and having found for the defendant the court of appeals reversed the judgment.

The foregoing cases are in point as construing the word "abandoned" as applied to a homestead when the question arises between an attaching or judgment creditor and his debtor, and so construed is applicable to the case at bar. The right of a statutory homestead which accrues to a husband inures to the benefit of his wife and continues as a vested right until abandoned or relinquished or until ex-

tinguished in an action upon a claim which is enforceable against the premises occupied as a homestead. In the case before us the defendant in error rests his right to recover solely upon the ground that at the time the deed was executed the premises to be affected thereby had ceased to be the homestead by reason of abandonment. The burden was upon him to prove abandonment and this he has failed to do. We are of the opinion that the 4th and 5th findings of fact are not nor is either of them supported by the evidence and that for that reason taken in connection with the theory upon which the case was tried the court erred in its 6th finding as a conclusion of law and that a new trial should have been granted.

The judgment will be reversed and the case remanded for a new trial.                                    *Reversed.*

POTTER, C. J., and BEARD, J., concur.