DOBLER AS TRUSTEE, ET AL., v. CLARK, ADMR., ET AL.

(No. 1625; October 14, 1925; 292 Pac. 246)

For the plaintiffs in error there was a brief and an oral argument by *O. N. Gibson,* of Riverton, Wyoming.

162

For the defendants in error, there was a brief and an oral argument by *M. L. Bishop*, of Casper, Wyoming.

*O. N. Gibson* in reply.

RINER, Justice.

These proceedings in error were instituted by two creditors of the estate of William P. Jack, deceased, to review an order of the District Court of Fremont County in probate setting aside certain real property of the estate to Christina Jack, the widow of said William P. Jack, as her sole property "free from any and all obligations or debts owing by said estate to any person or persons whomsoever." The land involved embraces some 640 acres, according to government subdivisions. The widow served as administratrix of the estate from the commencement of the administration thereof for a period of almost four years. She then resigned and the defendant in error William Clark was appointed and qualified in her stead. During her administration the bulk of the estate, which was

to a large degree subject to mortgage indebtedness, was disposed of and applied to meet the indebtedness and other claims.

The order aforesaid was made some seven years after the issuance of letters of administration, upon the application of the widow to have this real property set aside to her as homestead exempt property. The only allegation of the widow's application in the matter concerning the existence of the homestead at the time of her husband's death was to the effect that: "Your petitioner herein, together with the remainder of the family, lived on the above described lands for several years, and always claimed said lands as their homestead."

One week after the order had been made, the attorney for the administrator *de bonis non*, said attorney having represented the estate during the entire period of its pendency in the probate court, filed a resistance to the allowance of the application, setting out, among other things, the fact that he had "thus far received no compensation for his services." He is one of the creditors asking for a review of the order aforesaid. The other creditor, as appears by the record before us, is one holding a claim allowed by the defendant in error Christina Jack, when she was serving as administratrix, said claim being for funeral expenses and being to the extent of $250 still unpaid.

Several months after the order setting aside this property to the widow was made, another order was entered by the probate court for the purpose of correcting the erroneous description of the real estate incorporated in the original order concerning the matter. No mention was made in the amended order of the objection interposed and filed by the attorney for the estate, as recited above.

It appears that at present there is no other property in the estate sufficient to pay the claims of these creditors, although at other times during the course of administra-

tion of the estate by the defendant in error Christina Jack, as administratrix, there was.

The real estate in question is referred to in the record as range land and was valued in the inventory and appraisement filed at the sum of $3200. Though the fact of such valuation was alleged in the widow's application to have the property set off to her as homestead property, and though no claim was made in her application that it was of less value, still in the order here attacked the court found, "that said lands are not worth any more than the exemption allowed by law." The value of a homestead in this state may not exceed the sum of $2500. W. C. S. 1920, Sections 6028 and 6031, as amended by Laws 1925, c. 17, Sec. 1. It does not appear from the record that any additional evidence on the question of the value of the real estate involved was submitted when the application to set aside the homestead was heard, neither does the order made in consequence of that hearing recite the reception by the court of additional evidence on the subject. The land is located in Natrona County, Wyoming.

As already noted, the probate proceedings were instituted in Fremont County, the court finding in the order granting letters of administration to Christina Jack that William P. Jack was a resident of Fremont County at the time of his decease.

Section 6029, W. C. S. 1920, dealing with the homestead exemption, provides:

"Such homestead shall only be exempt as provided in the last preceding section, while occupied as such by the owner thereof, or the person entitled thereto, or his or her family."

In recognition of this statute, it has been repeatedly said by this court, that a homestead was exempt as such only while occupied by the claimant or his or her family. Towne v. Rumsey, 5 Wyo. 11; Closson v. Closson, 30 Wyo.

1, 215 Pac. 485, 29 A. L. R. 1371; Harney, Administrator v. Montgomery, 29 Wyo. 362, 213 Pac. 378.

It is very doubtful whether the widow's application was sufficient in its allegations concerning the occupancy and value of the lands claimed by her, to show them to be the family homestead at the time of William P. Jack's death, and subject to be set off to her (W. C. S. 1920, Secs. 6030 and 6879). The effect of the 160-acre limitation on the size of the homestead (W. C. S. 1920, Sec. 6031), which was the law at the time of Jack's decease, also injects a serious question as to the validity of the court's order now under review. The exact bearing these problems have on the matter in hand, it is unnecessary at this time, however, to decide.

Section 6879, supra, in part provides:

"When any resident of this state dies leaving a husband or widow, or minor children, the court shall set over to such husband or widow, if any, and if none, to such minor children as their absolute property, all property of decedent exempt from execution under the exemption laws of this state, including the homestead, and such property shall not be subject to the payment of debts of the decedent, except expense of administration, of the last sickness of decedent, and funeral expenses, in cases where there is not other property in said estate sufficient to pay said expense."

This section of the Wyoming Compiled Statutes 1920 was placed in the body of our probate law by Chapter 28, Laws of 1919, and repealed, among other sections, Section 5608, W. C. S. 1910. The section last mentioned was borrowed from the state of California. Both that section and Section 6879, supra, declare the priority of expenses for administration, funeral and last sickness over the widow's exemption, where there exists no other property in the estate sufficient to pay these obligations. Even the livelihood of the family during administration is made subordi-

nate to administration and funeral expenses (W. C. S. 1920, Sec. 6878). The policy of these laws is not difficult to discern. As was pertinently remarked by the Supreme Court of Utah, in In re Thorn's Estate, 24 Utah 209, 67 Pac. 22, 23, discussing the exemption law there existing in favor of the widow, where all the estate property did not exceed $1500, the law being akin to our law as it appeared in Section 5608, W. C. S. 1910, above mentioned:

"Certainly the legislature, in enacting these provisions of law, could not have intended that the expenses of the last sickness, funeral charges, and expenses of administration should not be a proper charge against small estates, merely consisting of a homestead of less than $1500 in value. Such a rule would pauperize an intestate upon his deathbed, and tend to deprive him of a Christian burial, though the means he may have acquired and accumulated by years of toil were sufficient to pay them."

In 3 Bancroft's Probate Practice, 1742, it is said that:

"Funeral charges, expenses of the last illness, and expenses of administration all rank higher than a probate homestead right or any right under summary administration statutes, in the absence of some direct and clear statutory direction to the contrary."

Section 6879, supra, would seem to be a codification of some of the pertinent provisions of several of the previously existing sections of our probate law which were repealed when Section 6879 was enacted.

In order to avoid the effect of Section 6879, it is suggested by defendants in error that there was other property in the estate sufficient to pay the funeral expenses and costs of administration, and hence the section should not be held applicable here, although, as a matter of fact, these items should have been paid prior to any other unsecured claims. Funeral expenses and expenses of admin-

istration are listed by our law as the first class of demands against the estate of any deceased person. W. C. S. 1920, Sec. 6869.

Section 6871, W. C. S. 1920, provides:

"If the estate is insufficient to pay all the debts of any one class, each creditor must be paid a dividend in proportion to his claim; and no creditor of any one class shall receive any payment until all those of the preceding class are fully paid."

Section 6872, W. C. S. 1920, directs that:

"The executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses and the expenses of the last sickness, and the allowance made to the family of the decedent. He may retain in his hands the necessary expenses of administration, but he is not obliged to pay any other debt or any legacy until as prescribed in this chapter, the payment has been ordered by the court or judge thereof."

In Bank v. Ludvigsen, 8 Wyo. 230, 56 Pac. 994, 998, 57 Pac. 934, 80 A. S. R. 928, this court remarked:

"All demands against an estate of a deceased person are divided into certain classes, six in number, and no creditor of one class is permitted to receive payment until all those of the preceding classes are fully paid. If the estate is insufficient to pay all the debts of any one class, each creditor must be paid a dividend in proportion to his claim."

Under the law reading thus, it is clear that if, as would appear by this record, the defendant in error Christina Jack, as administratrix of the estate, made payments of claims in the classes subordinate to class one above mentioned, she did so in violation of plain statutory provisions. The consequence of so doing would be to make herself personally liable for the preferred claims remaining un-

paid in consequence of her acts. Elton v. Lamb, 33 N. D. 388, 157 N. W. 288, 24 C. J. 451, and extended list of cases cited.

In our judgment it would be wholly inequitable for the widow, during the time she was acting as administratrix, by her own acts, whether done negligently or wilfully in disregard of law, to produce a condition of affairs in the estate she was administering where claims of the first class were left unpaid through being subordinated to claims of inferior priority, with the result that just enough property was left to meet her subsequent claim of exemption property, and then assert that Section 6879, supra, should not be invoked against her claim to charge the property so remaining with these unpaid obligations. We do not believe the law of this state should or does countenance any such conduct on her part.

Our conclusion is that under the circumstances presented by this record, the probate court was in error in setting off to the widow the property in question free from the claims of the creditors here involved. The order under review is accordingly reversed, with instructions to charge the aforesaid property with these claims, if they be found in all respects proper in amount and character.

*Reversed.*

BLUME, C. J., concurs; KIMBALL, J., concurs in the result.