## In re Morris.

June 9, 1942.

Report confirmed and respondent suspended.

Joseph M. Hayse and Jackson Morris for respondent.

OPINION BY JUDGE CAMMACK—Confirming report and suspending respondent.

The Trial Committee of the Kentucky State Bar Association found Jackson Morris, a member of the Jef-

ferson County Bar, guilty of unprofessional conduct and recommended, in 1940, that he be suspended from the practice of law for a period of six months, and also that he make full restitution of the money taken from the complainant, plus interest thereon from the date the money was received by him. When the case came before us for consideration in March, 1941, we sustained the respondent's motion that the case be remanded to the Trial Committee for further consideration and investigation, since it appeared to us that the Investigating Committee did not have before it evidence that the respondent had made restitution. Subsequently, the Committee filed the following supplemental report:

"Kentucky State Bar Association
In re: Jackson Morris

\* \* \* \* \* \*

An order having been entered by the Court of Appeals on March 26, 1941, referring this case back to the Investigating Committee of this Association on the question of what action would have been taken by the Committee had it been advised that restitution had been made, and the same having been referred to the Investigating Committee and a written report having been filed, it is now Considered and Ordered by the Board, on motion duly made and seconded, that the Board would have recommended a six months suspension irrespective of whether restitution had been made. The Board further wishes to advise the Court that a written report has been filed by the Trial Committee in which they advise that only partial restitution has been made to this date.

The Board, on motion duly made and seconded, further advises the Court that it reaffirms its recommendations heretofore made herein that the respondent, Jackson Morris, be suspended for a period of six months from the practice of law in this Commonwealth and that the suspension continue until the said Jackson Morris has made full restitution to the complainant of the money that he has taken from her, plus interest thereon from the date that said sum was received, but that in no event shall the period of suspension be for less than six months.

Board of Bar Commissioners of
Kentucky State Bar Association
By L. B. Alexander, President.

Attest:
Samuel M. Rosenstein
Secretary.''

A copy of this report was furnished the respondent, but he has made no response thereto. As to the question of restitution, it appears that the respondent has repaid to the complainant all of the $50 which he took from her in 1929 for the purpose of securing a divorce for her, but that he has not paid to her, as recommended by the Committee, the interest on that amount.

We have examined carefully the complaint against the respondent and his answers in regard thereto, as well as the evidence and the report of the Committee, and are of the view that the Committee gave Mr. Morris a fair and impartial hearing. The report sets forth in detail the facts and circumstances relating to the happenings from the time the complainant gave Mr. Morris the $50 in 1929 through 1940. We are inclined to the view of the Committee that, even though Mr. Morris be excused for the delay in the handling of complainant's case prior to 1937, when he returned to Louisville from Washington, his conduct thereafter has not been in keeping with the duties of an attorney. Mr. Morris said that he turned the case over to his partner when he went to Washington in 1930 and that he heard no more from the complainant until about 1937. However, the complainant says that she wrote Mr. Morris on several occasions while he was in Washington and that he made no response to her letters. The matter did not come before the Grievance Committee of the Louisville Bar Association until 1939. Thereafter there were frequent promises on the part of the respondent that he would return the $50 or obtain the divorce for the complainant. While he did take some steps in the action, some of them after he had been notified by the complainant on March 1, 1940, that he proceed no further in the case and that he return the $50 to her, he had done neither when proof was taken. The chairman of the Investigating Committee stated that he had had the matter up with Mr. Morris on several occasions between July, 1939, and the last of January, 1940, and that on each occasion Mr. Morris said that he would obtain the divorce or return the money, but that he did neither. We think the evidence fully sustains the findings and recommendations of the Trial Committee, and its report is accordingly confirmed.

It is ordered, therefore, that the respondent be suspended from the practice of law for a period of six months and that he make full restitution to the complainant as recommended by the Committee.