69 Wyo. 472 (1952)
244 P.2d 805
MARY A. GOODSON and VELMA JEAN KOSKI, Plaintiffs and Appellants,
vs.
CHRISTY K. SMITH, Defendant and Respondent, and PRESTON T. McAVOY, Trustee, Defendant and Respondent.
CHRISTY K. SMITH, Plaintiff and Respondent,
vs.
MARY A. GOODSON, VELMA JEAN KOSKI, and M.J. KOSKI, Defendants and Appellants.
Nos. 2529, 2530
Supreme Court of Wyoming
May 27, 1952.
Heard before BLUME, Chief Justice; RINER, Justice; and PARKER, District Judge.

*472 ON PETITION FOR REHEARING

*474 OPINION ON REHEARING
BLUME, Chief Justice.
A petition for rehearing has been filed in the foregoing case. We considered what we thought to be the vital and important questions in the case fully in the original opinion. We stated at the end of that opinion that it was long; that other matters had been mentioned in the brief of counsel for appellant, but that none of them were of sufficient importance to deserve argument. We still think so. However, counsel had the right to file a petition for rehearing under our rules notwithstanding what we said, and freedom of thought and of expression is one of the heritages in our country, and far be it from us to desire to stifle that. So we have carefully read the brief in support of the petition. In the main, the various points heretofore decided have not been questioned, but counsel seem to think that on account of certain matters which they now argue the case ought to be reversed. We shall, in deference to counsel, briefly touch upon some of the matters argued in the present brief.
Counsel complain that Christy Smith was not compelled to answer interrogatory 9 submitted by the plaintiffs. That interrogatory was as follows: "State what consideration was paid in connection with said deed, apart from the general consideration mentioned in the alleged agreement." Respondent answered that plaintiffs were as well informed on that subject as he. That was obviously true. The interrogatory was submitted on the theory of appellants that the warranty deed in evidence enlarged the rights of respondent which were granted to him in the agreement for that deed. We have shown in the original opinion that that was not true. The foregoing point becomes accordingly wholly academic, and no possible prejudice resulted from the fact that the interrogatory was not fully *475 answered. Counsel say that a large part of the time of the trial was lost because of respondent's answer. It should not have been. If it was, that was due to the wrong theory of counsel for appellants. Moreover, losing unnecessary time in a trial of a case cannot, of course, be ground for reversal of the judgment. Furthermore while appellants assigned the ruling of the court in connection herewith as error, we do not find that it was argued at the original hearing, either in the brief of appellants or on oral argument. The assignment of error was accordingly waived. It is quite apparent that counsel took the same view of the matter originally as we do now.
Counsel say in their brief that the preliminary agreement at the ranch was important. Just what conclusion they draw from that fact is not clear to us. In any event whatever the agreement at the ranch may have been, it was superseded by a written contract subsequently drawn. Appellants had a copy of it; it was read to them and they signed it. Courts do not easily overturn contracts which are voluntarily entered into by the parties as was true in this case according to the finding of the trial court.
Counsel again argue the question that there were numerous leading questions asked in the trial of this case by counsel for Christy Smith. The control in connection with leading questions in a case is largely within the sound discretion of the trial court. 70 C.J. 524. Upon examination of the record, we do not think that appellants were in any way prejudiced in connection with this matter, particularly in view of the fact that the case was tried by the court without a jury.
As a part consideration for the contract Christy Smith assumed and agreed to pay to the Federal Land Bank a mortgage in the sum of $7500. The evidence shows that the mortgage is satisfied and released. Counsel say that the record shows that Christy Smith paid *476 only $7414.79. While it is hard to believe that the Federal Land Bank would agree to discharge a loan of $7500 for $7414.79, if in fact it did so, that was a matter between the bank and Christy Smith and does not concern appellants.
It is argued that in view of the fact that the trial court failed to make a finding as to the meaning of the language of the contract, this court had no right to search the record and determine the meaning thereof. We think counsel are mistaken. As far as we can see, the finding of the trial court corresponds to what we said on the subject in the original opinion. True, the trial court did not use the same language we did, but the substance of its finding was the same.
Counsel say the court did not make any finding of fact or conclusion of law on fraud, duress or mistake. We do not find any specification of error in that connection, nor was the point argued, if we recollect rightly, at the time of the original hearing. Moreover, we think counsel are in error. The court found that appellants voluntarily signed, executed and acknowledged the agreement for the warranty deed involved in the case at bar. It further found: "That each of said instruments is sufficient in law, binding upon the parties thereto, valid and subsisting, and not void and not voidable by reason of any matter or thing within the issues of the causes of action herein and the evidence adduced in support thereof." While the court did not use the terms fraud, duress and mistake, the substance of its finding is that the contract was free from fraud, duress and mistake.
Counsel have again devoted a good deal of their present brief to the professional conduct of one of the counsel for respondent. We think that what we said on that subject in the original opinion is all that we should say thereon. Counsel say that we were wrong when we stated that the professional conduct of counsel for respondent *477 was "attacked." They disclaim any attack. However when you hit a man, and then disclaim that you hit him, the disclaimer is rather valueless. That is about the situation here.
We find no ground for a rehearing herein, and the petition therefor is, accordingly denied.
RINER, J. and PARKER, District Judge, concur.