Nova Roush BURNELL, Appellant
(Plaintiff below),

v.

Loretta ROUSH, Appellee (Defendant below), and the Texas Company, a corporation, (Defendant below).

No. 3405.

Supreme Court of Wyoming.

Aug. 12, 1965.

E. E. Birchby, R. G. Diefenderfer, Sheridan, for appellant.

Henry A. Burgess, David B. Kennedy, Sheridan, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY and McINTYRE, JJ.

Mr. Justice GRAY delivered the opinion of the court.

Claiming to be the owner of an undivided one-fourth interest to the oil, gas, and other minerals in the E½ of Section 20, Township 43 North, Range 74 West of the 6th Principal Meridian of Campbell County, Wyoming, as a tenant in common, the plaintiff Nova Roush Burnell commenced an action seeking declaratory relief from the adverse claim of the defendant Loretta Roush (hereinafter referred to as defendant) to the property above described. The Texas Company, a corporation, was also named as a party defendant, but its interest, if any, so far as this appeal is concerned is not before us. From a judgment dismissing the complaint plaintiff appeals.

Substantially all of the facts giving rise to the dispute were stipulated. The stipulation, together with the admissions in the pleadings, discloses that in the year 1939 plaintiff was the wife of one Loy Roush. At that time Loy Roush was the patentee and owner of a farm and ranch consisting of some 640 acres of land which embraced the premises above described. The couple made their home upon the farm, and it is conceded that plaintiff had a right of homestead therein. On December 20, 1939, Loy Roush and plaintiff, as husband and wife and as grantors, executed a deed conveying all of the farm premises to August and Leulla Laur for the sum of $2,850. However, contained in the body of the deed immediately following the legal description of the premises conveyed is a proviso:

"* * * except, that Grantors reserve to themselves one-half of all

oil, gas and mineral rights in and to the above described lands except as to those lands on which such rights are reserved in the original patents."

It is that proviso which underlies the dispute here for the reason that by virtue of the patent issued by the United States to the E ½ of Section 20 above described Loy Roush became the owner of all the minerals therein contained except coal. In executing the deed the grantors also duly released and waived all rights under and by virtue of the homestead exemption laws of Wyoming.

Subsequently, in the year 1941, plaintiff and Loy Roush were divorced and thereafter plaintiff married one Earl H. Burnell, and Loy Roush married the defendant. In 1963 Loy Roush died, and defendant as his surviving spouse and sole heir at law asserts ownership of the entire one-half interest in and to the oil, gas, and other minerals except coal in the E ½ of said Section 20.

The ultimate issue submitted to the trial court for determination by the agreement of the parties was:

" * * * whether the Plaintiff, Nova Roush Burnell, has any interest in and to the minerals reserved under said Warranty Deed, she contending that she is the owner as a tenant in common of an undivided one-fourth interest, and the Defendant contending that all of the minerals, except the coal, were reserved by said Warranty Deed unto Loy Roush."

That is also the ultimate question presented here, but as is quite apparent the simple statement does not disclose certain subsidiary matters that form the crux of the controversy. Brief reference to those matters is essential to a proper understanding of the case.

Summarizing the agreed facts, Loy Roush, the then husband of plaintiff, was the sole owner of the land and minerals above described, and with the exception of one-half of the minerals had made sale of the premises to August and Leulla Laur. The premises being a part of the homestead of the Roushes, it was necessary in order to validate the conveyance to the Laurs under the homestead laws of Wyoming for plaintiff to "voluntarily sign and acknowledge" the deed. Section 97–205, R.S.1931 (now § 34–53, W.S.1957). Plaintiff did so and in the body of the deed was named as a grantor along with Loy Roush, which incidentally was in keeping with the statutory form of warranty deed with release of homestead then prescribed by § 66–201, R.S.1931 (now § 29–2, W.S.1957). These facts, together with the language of the proviso "except, that Grantors reserve to themselves" one-half of the minerals, form the basis of plaintiff's claimed interest to an undivided one-fourth thereof.

We have no special statute to guide us in the matter, and as a result the dispute centers around a general rule of the common law that has its root in the feudal system. Succinctly stated, the rule is:

"No interest or estate in land may be created in favor of a stranger to the title by means of a reservation or exception in the conveyance thereof." 6 Okl.L.Rev. 131 (1953).

Whether that general rule in its literal and undiluted form is the law of this state under § 8–17, W.S.1957, is a question that has not heretofore been answered. That it is not susceptible of a ready answer is demonstrated by a most cursory examination of the authorities relating to the matter. Through one process or another the rule has undergone substantial erosion. See Annotations 88 A.L.R.2d 1201, and 129 A.L.R. 310. For an informative discussion and analysis of the general rule in connection with minerals, those interested are referred to the work of Williams and Meyers, Oil and Gas Law, Vol. 1, §§ 310–314 (1964), and the article in Oklahoma Law Review, supra. In passing, we might say that these text writers rather caustically criticize the rule as an instrument of destruction to the intent of the grantors and advocate forthright rejection of the rule

on the ground that it is a "primitive rule of the common law," 1 Williams and Meyers, supra, p. 566, and a "rule so incongruous with our modern social and legal philosophy" that it "has ceased to justify its existence," 6 Okl.L.Rev. 154 (1953). However, we find only one jurisdiction that has gone that far, Townsend v. Cable, Ky., 378 S.W.2d 806, 807, 808. With that exception, most of the authorities seem to recognize that the rule continues to exist even though modified in certain respects.

■ However, before we get too far afield from the precise question before us, we should mention that plaintiff does not question the existence of the rule. While we are referred by plaintiff to the rationale of decisions from other jurisdictions laying down what appears to be a majority view limiting application of the rule in that it will not be permitted to defeat a reservation or exception of a life estate for the benefit of the spouse of the owner, Saunders v. Saunders, 373 Ill. 302, 26 N.E.2d 126, 129, 129 A.L.R. 306, and Glasgow v. Glasgow, 221 S.C. 322, 70 S.E.2d 432, 435–436, plaintiff does not rest her claim upon such limitation. No doubt that was for the obvious reason that she is not here claiming a life estate but is claiming outright ownership of an interest in the minerals as a tenant in common. Plaintiff's contention is that by virtue of the homestead laws of Wyoming she had at the time of the grant to the Laurs a vested interest tantamount to co-ownership in the land and minerals owned by Loy Roush, and as a consequence was not a "stranger to the title" and under any circumstance as a grantor was not a "stranger to the deed" as some authorities put the rule. Under those circumstances we are not called upon to choose between divergent views with respect to the common-law rule, which we might otherwise be required to do. Fuchs v. Goe, 62 Wyo. 134, 163 P.2d 783, 792, 166 A.L.R. 1329, and In re Smith's Estate, 55 Wyo. 181, 97 P.2d 677, 681. The parties have proceeded upon the basis that the rule is and was in effect. That was the theory upon which the case was presented to the trial court, and because we are dealing with property rights we think it important that we adhere to the general rule that the parties are bound here by the theory adopted below. Jones v. Kepford, 17 Wyo. 468, 100 P. 923, 925; Dame v. Mileski, 80 Wyo. 156, 340 P.2d 205, 209.

In approaching the question of whether or not plaintiff sustained her position that the common-law rule was not applicable for the reasons stated, we think we should first note the distinction between a "reservation" in a deed and an "exception" to a deed. In most cases the distinction is not important, but we think it has significance here because of the nature of plaintiff's claim. She argues that she is vested with title and yet it is the rule that "A reservation neither creates title nor enlarges the grantor's vested rights but merely reserves in the grantor a specific interest." 6 Thompson on Real Property, § 3090, p. 776 (1962 Repl.). Concerning an "exception" the same authority states in § 3091, p. 787:

"An exception by a deed in favor of a stranger thereto cannot operate as a conveyance of the accepted land to him, though effective to prevent title thereto from passing to the grantee, whose acceptance of the deed estops him from asserting title to the accepted land. But an effective exception may be made by deed in favor of a third person not a party thereto in recognition and confirmation of a right already existing in him. * * *"

■ The test of whether the language of a deed is a "reservation" or an "exception" is succinctly stated in 1, Williams and Meyers, Oil and Gas Law, § 310, p. 557 (1964):

"Historically, differences existed between a reservation and an exception. According to Lord Coke, an exception saves back part of the thing being granted; to be excepted the thing must be in esse. A reservation creates a new right, a thing not in esse. * * *."

See. also 1A Summers Oil and Gas, § 137, p. 305 (Perm.Ed.). Applying such test to the language of the proviso here it is clear under the law of this jurisdiction that the proviso is an "exception." While it is true that on at least two occasions we have rather loosely referred to such language as a "reservation," Body v. McDonald, 79 Wyo. 371, 334 P.2d 513, 514, and Goodson v. Smith, 69 Wyo. 439, 243 P.2d 163, 168–170, rehearing denied 69 Wyo. 472, 244 P.2d 805, we had previously determined that "Oil and gas, while in situ, are part of the realty; part of the corpus of the land." State v. Snyder, 29 Wyo. 163, 212 P. 758, 762. See also Denver Joint Stock Land Bank of Denver v. Dixon, 57 Wyo. 523, 122 P.2d 842, 140 A.L.R. 1270.

■ Thus, treating the proviso as an exception, we first turn to plaintiff's contention that as a named grantor she could not possibly be a "stranger to the deed." Plaintiff cites us to no authority and we have found none wherein an interest has been created by an exception for the benefit of a non-owner spouse for the sole reason that the spouse was named as a grantor. Where limitations were placed upon operation of the rule, other circumstances were present. No doubt the explanation offered by the Supreme Court of Missouri in Lemon v. Lemon, 273 Mo. 484, 201 S.W. 103, 106, furnishes the answer. There the court said:

> "* * * When the books and the cases say that a reservation in a grant in order to be valid must be for the benefit of the grantor, or of some one of the grantors, and that a reservation cannot be made for the benefit of a stranger to the deed, it is meant and the language used connotes that the reservation must be for the benefit of that grantor, who, having an interest in the thing granted, may logically reserve from the operation of the grant a part of the estate or thing granted, or some right growing out of or appurtenant thereto. * * *"

Furthermore, as related to the acquisition of an interest in the minerals in favor of a spouse, we find two jurisdictions holding that the non-owner spouse acquired no interest even though named as a grantor in the deed. Leidig v. Hoopes, Okl., 288 P.2d 402, 403, 404; McKee v. Douglas, Tex.Civ. App., Ref. N.R.E., 362 S.W.2d 870, 875–876. For other cases in point see Mott v. Nardo, 73 Cal.App.2d 159, 166 P.2d 37, 39; Flynn v. Fike, 291 Ky. 316, 164 S.W.2d 470, 472, 473, overruled an other grounds in Townsend v. Cable, Ky., 378 S.W.2d 806. Absent any authority to the contrary we hold that this facet of plaintiff's contention is without merit.

■ With respect to plaintiff's contention that she was not a "stranger to the title" we are of the view that plaintiff assumes a false premise when it is argued that her homestead right at the time of the conveyance was in fact a vested interest in the lands and minerals. We did not so hold in the case of Jones v. Kepford, supra, as suggested. We simply stated there that the right of a statutory homestead which accrues to a husband was also for the benefit of his wife and "continues as a vested right until abandoned or relinquished, or until extinguished" by other means. Nothing was said which would indicate that such homestead was a vested interest in the land, and furthermore we have held to the contrary. In Stolldorf v. Stolldorf, Wyo., 384 P.2d 969, 971, we stated:

> "Concerning alienation of the homestead, we have heretofore recognized that the requirements imposed are simply limitations upon the power of the owner to sell, transfer or encumber the property involved. Delfelder v. Teton Land & Investment Co., supra [46 Wyo. 142, 24 P.2d 702, 717, rehearing denied 26 P.2d 153.]. * * *"

The conclusion is inescapable that the exception here did not recognize or confirm any title in plaintiff to an undivided one-fourth of the mineral fee.

■ What other right, then, did plaintiff have that was recognized and confirmed

by the exception? Inasmuch as that portion of the corpus made up of one-half of the minerals was never conveyed by the deed it cannot be said, strictly speaking, that plaintiff by release of her homestead rights to the surface "freely and voluntarily" waived her rights with respect to the interest retained. Nevertheless, that was the effect as to at least a part of those rights. With respect to statutory homestead exemption rights we have repeatedly held that such exemption could be enforced only when the homestead was "occupied by the claimant or his or her family." Dobler v. Clark, 42 Wyo. 160, 292 P. 246, 247. Occupancy of the minerals in the sense used under the statute, when severed from the surface, is, of course, not possible. The most that she could have retained under the deed was a contingent interest equal to the value of the homestead in the event that she became the widow of Loy Roush. Section 2–213, W.S.1957. That right, of course, was lost when plaintiff divorced Roush in 1941 and, as far as this record shows, no disposition was made of such right. Roush, having the legal title to the one-half interest in the mineral estate even if clouded by the deed, without question became the sole owner, free from any claim of plaintiff, upon the happening of the divorce. Closson v. Closson, 30 Wyo. 1, 215 P. 485, 489, 29 A.L.R. 1371. It is agreed that defendant, as the surviving spouse of Loy Roush, became entitled to receive all of decedent's title and interest in the minerals excepted from the deed. It necessarily follows that the trial court did not err in entering judgment dismissing plaintiff's complaint.

Affirmed.

HARNSBERGER, Justice (dissenting).

There is no question but that at the time the subject conveyance was executed Roush was the sole owner of the property, including its minerals with the exception of coal.

There is no question but that Mrs. Burnell had nothing more than a homestead right in that property as the wife of Roush at the time the subject conveyance was made.

There is no question but that this right of homestead might be lost through divorce or by death.

There is no question but that during his marriage to Mrs. Burnell Roush could not alienate the property or any part thereof without Mrs. Burnell having joined to release her then homestead right.

What then motivated Mrs. Burnell to release this valuable homestead right? What was the intention of the parties at the time the conveyance was executed? These answers are to be found within the four corners of that instrument alone.

At the time of the execution of the conveyance, it was not known whether the retained interest in minerals was of any value at all, yet Mrs. Burnell gave up a valuable right in order to obtain a share in them.

Although Mrs. Burnell had no legal title to the property, the parties elected to name her as a grantor as well as having her release her homestead interest in the property. Furthermore, the clause excepting from the operation of the deed or reserving therefrom a one-half interest in the minerals, other than coal, recognized Mrs. Burnell as a grantor in two separate places, first by expressly naming her as such and second by using the word "grantors" when providing for the retention of a one-half interest in the minerals other than coal. These wordings in the deed clearly indicate that it was the understanding and intention of the parties, at the time Mrs. Burnell released her valuable homestead right, that she was to have in exchange therefor a share of that which was excluded from the conveyance. In the absence of other specification, the portion of mineral right retained must be taken to be a share equal to that of her then husband. When divorce terminated the marriage, her share became entirely separate from that of her former husband and thereafter continued to be her sole and separate property.

The province of courts is to ensure that the lawful intentions of contracting parties, respecting disposition of their properties and rights, be carried out, irrespective of inadequacies in their use of words or the means they use in attempts to accomplish their purpose. The reasonings of so-called precedents which attach meanings to their words and expressions in documents, which in all probability were never intended, understood, or possibly even thought of by them, defeat the fundamental objective of the judicial purpose which must always be to seek out, wherever possible, the true intention of the contracting parties and to give force and effect to the accomplishment of their intentions so long as they are found to be not unlawful or illegal.

The judgment of the lower court should be reversed and title to one-half of the retained interest in the minerals within the lands should be quieted.