CASE 56—PETITION EQUITY—NOVEMBER 22.

# Newcome, &c., v. Crews.

| 98 | 339 |
|----|-----|
| 122 | 358 |

APPEAL FROM MARION CIRCUIT COURT.

1. ADVERSE USE OF PASSWAY.—Where the right to a passway over the land of another is claimed by reason of its use for fifteen years, the person denying the right must show that the use was merely permissive, otherwise it will be presumed that the use was under a claim of right, and the presumption of a grant will be created.
2. SAME.—Actual, adverse possession of land for fifteen years con-

Newcome, &c., v. Crews.

stitutes no defense to a claim by another of a right of way over the land by reason of its use under a claim of right for the same length of time, as such a use of the way may be maturing into a presumption of a grant at the same time that the adverse possession of the land is ripening into a perfect title.

3. IN PLEADING TITLE TO LAND BY ADVERSE POSSESSION the omission of the word "actual," in describing the character of the possession, renders the pleading fatally defective.

WM. H. HOLT FOR APPELLANTS.

1. The injunction was improperly sued out. There was no statement in the petition nor any affidavit to authorize it. (Civil Code, sec. 273.)

2. The petition does not aver a state of case that authorizes the appellee to sue. In such a case one must aver a *particular or special* injury to himself not common to others or to the public.

3. If the petition had been sufficient the injunction should have been dissolved on final hearing.

    · (*a*) It matters not that the appellee has no other way out. He did not buy of appellants or the church and they are not bound to furnish him a way. His vendor, Rawlings, agreed to furnish him a way and he is attempting to do it by this proceeding.

    (*b*) No right to a private passway existed. The use of a way for fifteen years does not imply a grant, unless the use was with a claim of right. This case is unlike O'Daniel v. O'Daniel, 10 Ky. L. R., 760; s. c., 88 Ky., 185.)

    (*c*) Whether the strip of ground in controversy is a street is a legal question. The fact that the appellee so testifies amounts to nothing. He must state the facts making it so.

G. C. AVRITT FOR APPELLEE.

1. Because of his peculiar damage the law granted the appellee his remedy by injunction to prevent the creation of the nuisance. (Lawson's Rights, Remedies and Practice, vol. 6, p. 4845, sec. 2976; *Idem.,* p. 4839, secs. 2972-3; Wait's Actions and Defenses, vol. 4, p. 774; *Idem.,* vol. 3, pp. 683-5, 707; Hall v. McLeod, 2 Met., 98; Flemingsburg v. Wilson, 11 Bush, 98; Cole and O'Hara v. Shannon, 1 J. J. Mar., 218; Wood's Law of Nuisance, p. 917, secs. 795-6.)

2. The long continued use of the way is sufficient to create the presumption of a grant. (O'Daniel v. O'Daniel, 88 Ky., 185.)

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The appellee is the owner of a residence in the town of Bradsfordsville, in Marion county. He brings this action, alleging that the only public passway to and from his property is an open way or street which leads from his premises into and upon the other streets of the town; that the open public way or street lies between the lot of the Christian church and the real estate of Dr. B. E. Avritt, the property of the plaintiff and the streets of the plaintiff and the streets of the town upon which it enters; that for more than forty years it has been constantly used by the public as an open way and street adverse to the claim of all persons. He further alleges that the defendants are preparing to and will enclose the open way with a fence, thereby depriving him of a passway to and from his premises and to and from the streets of the town or any public road in the county, and he seeks to enjoin the defendants from building the proposed fence.

Defendants file an answer in which they say that the land over which plaintiff claims a public way or street is not and never was a *public street* of the town of Bradfordsville, but "the same has been in the peaceable, adverse and undisputed possession of the trustees of a church known as the Christian or Campbellite church * * * for the period of thirty years prior to the institution of the suit."

To create the presumption of a right of way, the use must not be merely permissive, but must be under a claim of right. The use must have been under such circumstances as will indicate that it has been claimed as a right. (Hall v. McLeod, 2 Met., 98; Bowman v. Wickliffe, 15 B. M., 84.)

It is not necessary to show by positive testimony that

those who used the right of way announced that they were using it under a claim of right.

Under our statute of limitation, the continued use for fifteen years unexplained would create the presumption that it was under a claim of right. Where the passway was thus used, the burden is on those denying the right to show that the use was merely permissive. (O'Daniel v. O'Daniel, 88 Ky., 189.)

The answer denies the land is or ever was a public street, but it fails to deny that it is an "open way," and that it has been so open for more than forty years, during which time it has been constantly used by the public as an open public way and street adverse to the claim or claims of all persons.

It is true, the answer says, that for thirty years the trustees have been in the "peaceable, adverse and undisputed possession" of the land.

The answer fails to state that they have been in the "actual" possession, etc.

They attempt to show a possessory title to the land. To acquire such title they must have been in the "actual," adverse possession. There are two kinds of possession. The *actual* possession exists in the immediate occupancy of the party, while *constructive* possession is that which exists in contemplation of law without actual personal occupation. The omission of the word *actual*, in attempting to describe the character of the possession, renders the pleading fatally defective.

The use of the right of way over the property for forty years in the manner alleged in the petition would create the presumption of a grant.

If the trustees of the church acquired title to the land by

adverse possession, it came to them impressed with the ease-
ment which the forty years' use created.

If the legal title had been in the trustees thirty years ago,
and they had been in the actual possession since which time,
such use could be had of it in the meantime as would create
the presumption of a grant of a passway over it.   If this be
true, why is it, if they did not have the legal title, but by an
actual adverse holding acquired the title to the property
within the past thirty years, such use of a passway over it
as described in the petition does not create a presumption
of grant?   While the possession of the trustees was ripen-
ing into a title, the use of the passway over it was creating
a presumption of a grant of a passway.

At the end of five years after the trustees took possession,
the presumption of a grant of a passway existed.   It, there-
fore, results that before the trustees acquired any interest
in the land the right to the passway became complete.

Suppose A at a given date takes the actual possession of
a farm, and by adverse holding tolls the right of entry of the
legal title holder.

We will suppose further that B begins at the same hour
on the day of A's entry upon the land to use a passway over
the farm, and continues to do so until A's possessory title is
perfected, could it with any reason be contended that B's
right to the passway was not perfected in the same hour
which witnessed A's ownership of the property?   So A's
adverse possession was running against the legal title
holder; likewise was B's use of the passway maturing into a
presumption of a grant.

From the foregoing conclusions, it follows that the answer
did not present a defense to the action, and the demurrer
thereto should have been sustained.

It, therefore, follows the case should be affirmed.

In view of the foregoing conclusions it is unnecessary to discuss the merits of the case, but suffice it to say that the judgment was sustained by the evidence.

Judgment affirmed.