### Hampton v. Fuson.

(Decided June 2, 1915.)

### Appeal from Knox Circuit Court.

1.  Easements—Permissive Use of—Burden of Proof.—Where a passway has been uninterruptedly enjoyed for more than fifteen years over the land of another by an adjoining landowner, the owner of the land over which the passway runs, in undertaking to close the passway, assumes the burden of proving that the use of it was merely permissive.

2.  Easements—Permission.—The mere fact that the landowner never gave, and the users never asked for, permission to use the pass-

way, is not of itself sufficient to overcome the presumption in favor of the users arising from their continued use of the pass-way.

J. D. TUGGLE for appellant.

HIRAM H. OWENS and BLACK, BLACK & OWENS for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This controversy arose over a passway across the land of appellant, claimed and used by appellee, and the action was brought by the former to prevent its further use by the latter; an injunction being asked to better accomplish that end. The circuit court adjudged appellee entitled to the use of the passway and dismissed appellant's petition, hence this appeal.

Appellee purchased and moved upon the small tract of land he owns in 1896. The appellant became the owner of the farm through which the passway runs in 1901. The land of appellee lies at or in the head of a valley, with a large mountain in the rear, from which steep ridges extend towards the Cumberland River on the right and left of the farm. There is a small branch running from the hillside by appellee's residence and through the land of appellant, beyond which it crosses the county road before emptying into the Cumberland River. The passway in controversy runs with this branch and partly in it from where it leaves appellee's land across that of appellant. This passway furnishes the only outlet by which appellee, and persons who live upon a small tract of twenty acres adjoining his, can get to the public road, beyond appellant's land, which they must travel to reach the county seat, neighborhood church and school.

Appellee claims the right to the use of the passway as an easement by prescription, resulting from its continuous, adverse use by him for more than seventeen years before the institution by appellant of this action. Without attempting an analysis of the evidence, we think its weight sustains the conclusion reached by the circuit court. There is little dispute about the facts. They show that appellee and his family, and the persons living on the small tract of land adjoining his, have had the free and uninterrupted use of the passway for more than seventeen years continuously, and that appellee's

vendor, Patterson, had enjoyed a similar use of the passway for at least two or three years previously. There was no actual grant of the passway. Neither appellant nor his vendors, during the seventeen years, ever objected to or interfered with appellee's use thereof. On the contrary, there was on one occasion a recognition of his right to the use thereof by appellant's vendor, Pope, who permitted him to make a slight change in the location of the passway at one place, upon condition that he and one Casedy would set back the fence and repair it at that point.

It is patent from the evidence that appellant acquired the title to his farm with full knowledge of appellee's right to and long use of the passway in question, and that he neither objected to nor attempted to prevent his use thereof until shortly before the institution of this action. From all the facts we think it manifest that appellee's right to the passway by prescription, and the consequent presumption of a grant, arising from its long adverse, continuous and uninterrupted use by him for more than the fifteen years statutory period of limitation, is fully established. Wilkins v. Barnes, 79 Ky., 373; O'Daniel v. O'Daniel, 88 Ky., 185; Wathen v. Howard, 27 R., 7; Chenault v. Gravitt, 27 R., 403; Anderson v. Southworth, 25 R., 776; Newcomb v. Crews, 98 Ky., 339.

The facts here presented are very similar to those shown in Smith v. Pennington, 122 Ky., 355, in which we held that, where a passway had been uninterruptedly enjoyed for more than fifteen years over the land of another by an adjoining land owner, the former, in undertaking to close the passway, assumed the burden of proving that the use of it was merely permissive; and, furthermore, that the mere fact of the user never asking permission to use the passway, was not of itself sufficient to overcome the presumption in his favor arising from his long continued use of it.

As in our opinion the judgment of the circuit court properly determined the rights of the parties, it is affirmed.