# Babb et ux. v. Dowdy et al.

(Decided May 31, 1929.)

W. H. HESTER and T. J. MURPHY for appellants.

O. H. BROOKS and W. H. WYMAN for appellees.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—
Affirming.

Some time prior to January 26, 1925, the appellees, Dowdy and Wilson, entered into contract to convey to the appellant W. M. Babb the minerals, with rights incident to the mining and removal thereof; and to convey to Mrs. Fannie Davinie the surface, of a tract of land containing 120 acres in Graves County, Ky. For the minerals and rights incident to removal, Babb agreed to convey to appellees an improved lot in the village of

Hickory in Graves county at the agreed valuation of $2,000; and for the surface Mrs. Davinie agreed to pay $4,500.

On the date mentioned appellants and appellees met at the office of Dowdy and Wilson, who informed appellants that they had already executed and acknowledged, and left with the county court clerk for record, a deed conveying to Babb the minerals and rights incident to removal, and had prepared a deed to be executed by Babb and his wife conveying to appellees the lot in Hickory. Appellants executed and delivered to appellees the deed which they had so prepared.

On March 3, 1927, appellants, Babb and wife, instituted this action against Wilson and Dowdy to cancel the deed executed by them for the lot in Hickory, and to recover the rents thereof which it was alleged Dowdy and Wilson had collected, on the ground that the deed had been obtained from them on the fraudulent representations of Dowdy and Wilson, made at the time of its execution and delivery, that they had already executed, and left with the county clerk for record, a deed conveying to Babb the mineral interests and rights in and to the 120 acres of land, which representations, it was averred, were false and fraudulent, in that Dowdy and Wilson had not conveyed by that deed the mineral and rights to Babb, but had only conveyed the surface to Mrs. Davinie, and that the deed did not, in fact, convey anything to appellant Babb; and that appellees had fraudulently inserted in the deed a provision to the effect that, when $1,000 of the purchase price of the surface had been paid, appellees would release the minerals to Babb, when in fact and in truth Babb had paid the full purchase price for the minerals agreed on by the conveyance of the Hickory lot.

Appellees filed answer and counterclaim traversing the allegations of the petition and pleading that the deed executed by them was a joint deed conveying the minerals to Babb and the surface to Mrs. Davinie for the consideration of $6,500; that $4,500 of the purchase money was past-due, and sought judgment for that sum and a sale of both surface and minerals to pay it. Appropriate pleadings completed the issues, and on final hearing the court adjudged deed executed by appellees to be a valid conveyance of the minerals and rights incident to removal to appellants; that the total consideration to be paid by appellants was $2,000; and that it

had been fully paid by the conveyance from appellants to appellees, and refused to cancel the latter deed. Babb and his wife have appealed.

In their brief counsel say that the sole question before the court is: "Was the deed executed January 26th, 1925, a joint deed making both Fannie Davinie and William Babb grantees, or was it a conveyance to Fannie Davinie only?"

The material parts of the deed in question read as follows:

"Dowdy & Wilson to Fannie Davinie, et al.,

"For the consideration of the sum of one dollar and other valuable consideration paid and to be paid as follows, viz.:

"All cash dollars in hand paid the receipt of which is hereby acknowledged except, forty-five hundred dollars, evidenced by five notes of $900.00 each, due one, two, three and four years, respectively, after date, and one note for $900.00 due in four years and eleven months after date, and each of said notes bearing 6% interest from date until paid and being same notes this day executed to C. L. Dowdy and C. W. Wilson of Mayfield, Kentucky, and due as aforesaid:

"It is expressly agreed and understood and made a part of the consideration herein that the interest is to be paid annually on all the deferred payments herein, and each note to be paid when due, and upon the failure of the payment of the interest annally or any note when due, then in either event all of said purchase money notes are immediately to become due and payable.

"It is further agreed and understood and made a part of the consideration herein, that when as much as $1,000.00 has been paid on the above described purchase money lien notes, then in that event the said C. L. Dowdy and C. W. Wilson agreed to release any and all mineral rights in said land, and hereafter described and sold to W. M. Babb of Graves County, Kentucky, and it is further agreed and made a part of the consideration herein, that the said W. M. Babb, his heirs and assigns, shall never exercise said mineral rights or attempt to mine, any of said minerals within 100 feet of any improvements now located on said land.

"It is further agreed and understood and made a part of the consideration herein that the said Fannie Davinie is to have the fee simple title in and to said real estate, subject to the mineral rights of W. M. Babb, his heirs and assigns.

"We, C. L. Dowdy and wife, Jennie Dowdy, C. W. Wilson and wife, Adella Wilson, have sold and hereby convey with covenant of General Warranty to Fannie Davinie, the fee simple title in and to said real estate, subject to the mineral rights of W. M. Babb, his heirs and assigns. The mineral rights in and to the hereinafter described land being conveyed to the said W. M. Babb, his heirs and assigns, the following described real estate lying in district No. 6, Graves County, Kentucky, viz."

The deed is not an artfully prepared instrument, but it contains all the requisites of a valid conveyance in this state. The grantors and grantees are named; the consideration is expressed; and the things, or estates, granted, are described. No attention was paid to form, but the substance is there, and the intention of the parties is apparent from a consideration of the entire instrument. It is captioned "Dowdy and Wilson to Fannie Davinie, et al."; that means, from Dowdy and Wilson to Fannie Davinie *and another*. It shows that the grantors sell and convey to Fannie Davinie "the fee simple title in and to said real estate subject to the mineral rights of W. M. Babb, his heirs and assigns," and that "the mineral rights in and to the hereinafter described land being conveyed to the said W. M. Babb, his heirs and assigns." A further provision is that the said Fannie Davinie is to have "the fee simple title in and to said real estate subject to the mineral rights of W. M. Babb, his heirs and assigns," and that it is made a part of the consideration "that the said W. M. Babb, his heirs and assigns, shall never exercise said mineral rights or attempt to mine any of said minerals within one hundred feet of any improvements now located on said land." In 8 R. C. L. 923, it is stated: "In modern times form has largely yielded to intention, and a deed is now held to consist of the names of the parties, the consideration, a description of the subject granted, the quantity of the interest conveyed, and the conditions, reservations or covenants, if any."

It has long been the rule in this state that in the construction of deeds, to endeavor to ascertain the intention of the parties to them, and the trend of the decisions of this court, as well as most other courts of last resort, is to uphold deeds as other contracts, however informally they may be drawn, when the terms are sufficient to express the intention of the parties; and to this end a liberal construction is given a deed inartficially and untechnically drawn; the construction to be given such a deed and the intention of the parties to it is to be gathered from a fair consideration of the entire instrument. Bain v. Tye, 160 Ky. 408, 169 S. W. 843; Stephens v. Perkins, 209 Ky. 651, 273 S. W. 545.

Applying these rules to the deed in question, the court is of opinion it is sufficient to vest appellant with title to the minerals and rights incident to removal described in it.

Appellants insist, however, that if the deed from Dowdy and Wilson is upheld, yet they had no title until the rendition of the judgment appealed from, and that they were entitled to rents of the Hickory lot between the date of their conveyance to appellees, January 26, 1925, and the date of judgment, July 13, 1928. This claim is without merit. Their title to the minerals dates from the execution and delivery of the deed from appellees to them.

The plea of fraud was founded upon the contention that the deed from appellees did not vest them with title to the minerals which were to be conveyed in exchange for the Hickory lot. Since it is held the deed does invest them with title, the plea of fraud must of necessity fail. The judgment appealed from gives them all they contracted for, as of the date of the execution and delivery of the deeds from each to the other.

Wherefore the judgment is affirmed.