## Flynn et al. v. Fike et al.

May 1, 1942.

John W. Walker and J. P. Chenault for appellants.

Shumate & Shumate for Opal F. Fike, appellee.

E. L. McDonald for Ashland Oil & Transportation Co., appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal is from a judgment sustaining a demurrer and dismissing the petition in an action filed by the appellants, Elizabeth Flynn and her husband, John Flynn, and Eunice Barker, their grantee, against the appellees, Opal Flynn Fike and Ashland Oil and Transportation Company, to quiet title to the oil, gas and mineral rights in and to a certain tract of land. The latter appellee is merely lessee of the oil, gas and mineral rights and has no interest in the outcome of the litigation. An injunction was sought to prevent it from paying royalties to Mrs. Fike.

The allegations of the petition are in substance as follows: On May 8, 1916, Elizabeth Flynn and John W.

Flynn conveyed the land involved, containing about sixty acres, to their son, James Flynn. This deed provided that James Flynn should pay "the first party 1-3 of all crops raised * * * and second party shall have all he makes on all land he clears for three years. And it is further conditioned in this deed that when the first party dies all rentals shall cease".

On April 3, 1919, James W. Flynn conveyed the land to Frank Ball. Immediately following the description in the deed the following language appears:

"All oil and gas, coal and mineral rights reserved, one-third of said rights belongs to Elizabeth and John W. Flynn."

Elizabeth and John W. Flynn signed and acknowledged this deed although they were not named either as grantors or grantees.

On March 29, 1938, Elizabeth and John W. Flynn conveyed to the appellant, Eunice Barker, "the one-eighth (1-8) oil royalty in and under the following described real estate" (this being the tract of land in question). This deed contained the recital "being part same royalty retained in deed to Frank and Bettie Ball by deed bearing date 3 day of April, 1919, and of record in deed book No. 51 at page 174, Estill County Clerk's office". The deed referred to in the quoted language is the deed from James W. Flynn to Frank Ball above referred to.

It was alleged that it was agreed between James W. Flynn and Elizabeth and John W. Flynn, which agreement was to be made part of the deed from James W. Flynn to Frank Ball, that in consideration of Elizabeth and John W. Flynn joining in and signing the deed to Ball and releasing to Ball any surface claims and rights they then owned in the land (pursuant to the right to receive 1-3 of the crops reserved in the deed to James W. Flynn), James W. Flynn would convey to Elizabeth and John W. Flynn all of the oil, gas and mineral rights in and to the said tract of land but through mistake on the part of the draftsman of the deed "none of the oil or gas, coal or mineral rights in and under said premises were conveyed to the said plaintiffs or reserved to the said Elizabeth and John Flynn". It was further alleged that this mistake was not noticed or discovered until long after the execution of the Ball deed. A reformation

of the Flynn-Ball deed was sought and the plaintiff prayed to be adjudged the owners and entitled to the possession of all oil, gas and mineral rights in and to the land.

It was further alleged that the appellants were the owners of the oil, gas and mineral rights by adverse possession. The specific allegation in this connection was as follows:

"The plaintiff, Eunice Barker, states further that she and her predecessors in title and those through whom she claims title, have been in the open, adverse, continuous, uninterrupted and undisputed ownership and possession of the said mineral rights, including the oil and gas in said property for more than sixteen (16) years before the filing of this petition and up until the said statements and claims by the said defendant, Opal Flynn."

The Opal Flynn mentioned in this allegation is the appellee, Opal Flynn Fike, a daughter of James W. Flynn. James W. Flynn died leaving this appellee as his sole child and heir at law and she claims title to the oil, gas and mineral rights by inheritance from her father.

The first question presenting itself is that of limitation as to the right to maintain this action for reformation of the Flynn-Ball deed, executed in 1919, this action having been filed approximately twenty years after the execution of that deed. The applicable sections applying limitation to actions of this character are Sections 2515 and 2519, Kentucky Statutes. Except for Section 2519 the limitation period under Section 2515 would be five years. However, Section 2519 provides that in an action for relief for fraud or mistake the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake but no such action shall be brought ten years after the making of the contract or the perpetration of the fraud. The question of limitation under this particular statute is properly raised by demurrer where the petition contains no allegation excusing the delay in filing action. Cox et al. v. Simmerman et al., 243 Ky. 474, 48 S. W. (2d) 1078; Mullins v. Jennings' Gdn. et al., 273 Ky. 68, 115 S. W. (2d) 340. Appellants concede that by reason of Section 2519 an action by one sui juris for reformation of a deed on the ground of mistake may not be filed more than ten years after the execution of the deed. They claim, however, that since the appellant,

Elizabeth Flynn, is a married woman, the statute of limitations did not run against her. This contention was decided adversely to appellants in Louisville Cooperage Co. v. Rudd, 276 Ky. 721, 124 S. W. (2d) 1063, in which this court construed Section 2525 of the Statutes, as amended by an Act of 1934 withdrawing coverture as a disability saving or prolonging the operation of the several statutes of limitation. It was there held that since under the 1934 amendment a married woman had nearly three years from its effective date in which to institute actions on causes which had accrued to her, the amendment was applicable not only to causes of actions thereafter accruing but to causes of action which had accrued. Under this decision it is clear that the cause of action for reformation of the deed on the ground of mistake was barred by limitation. Therefore, in so far as this phase of the case is concerned, the chancellor did not err in sustaining the demurrer.

It is insisted by appellants, however, that the petition stated a good cause of action based on adverse possession. This contention must also be denied since there was no allegation that the appellants had been in the actual adverse possession of the oil and mineral rights. It is the rule in our state that in pleading title by adverse possession the omission of the word ''actual'', in describing the character of the possession, renders the pleading fatally defective. Newcome v. Crews, 98 Ky. 339, 32 S. W. 947. At least, facts must be alleged showing that the possession alleged is actual possession. Hall v. Roberts, 74 S. W. 199, 24 Ky. Law Rep. 2362. Especially should this rule be applied with all of its rigor to the case before us where the petition shows a severance of the mineral rights from the surface. One may not acquire title to mineral rights by merely making claim that he is the owner. He must show actual possession of the mineral rights and it is necessary, in stating a cause of action, that actual possession be alleged or, at least, that facts be alleged, such as a working of the minerals, showing that the alleged possession is actual.

Finally, it is contended that in any event the petition stated a cause of action as to a one-third interest in the mineral rights by reason of the quoted language of the Flynn-Ball deed. To sustain this contention would involve a holding either that title was conferred on Elizabeth and John W. Flynn by reason of an exception or

reservation in their favor in that deed or that the language of the deed was sufficient to operate as a conveyance of one-third of the mineral rights to them.

Clearly, title could not be vested in Elizabeth and John W. Flynn by an exception or reservation in their favor in the deed since they were strangers to that deed. This court subscribes to the common law rule that a reservation or exception, to be effective, must be made in favor of one of the grantors and not to a stranger to the deed. Allen v. Henson, 186 Ky. 201, 217 S. W. 120; Slone v. Kentucky West Virginia Gas Company, 289 Ky. 623, 159 S. W. (2d) 993, decided February 24, 1942, and cases therein cited. The attempted reservation or exception (actually it was an exception since it created no new right but only withdrew a part of the land granted) was in favor of persons who had no sort of title to that portion of the land excepted, persons who were strangers to the deed and also strangers to such portion of the title as purported to be excepted. Nor did the fact that Elizabeth and John W. Flynn signed the deed operate to prevent them from being strangers to the deed, since they were not named as grantors in the deed. It is definitely settled in this state that one who signs and acknowledges a deed in which he is not named as a grantor is not bound by the deed. Goodrum's Gdn. v. Kelsey, 244 Ky. 349, 50 S. W. (2d) 932; Stephens v. Perkins, 209 Ky. 651, 273 S. W. 545; Shaver v. Ellis, 226 Ky. 806, 11 S. W. (2d) 949.

But appellants insist that the language of the Flynn-Ball deed, "one third of said rights belongs to Elizabeth and John W. Flynn", was sufficient to operate as a conveyance of one-third of the mineral rights. With this we do not agree. Our court is one of the strongholds of the rule that in the construction of deeds the intention of the parties should be ascertained and given effect, regardless of formalities, but we have never extended that rule to the point of holding that title to realty may be transferred without words of conveyance or language indicating an intention to convey or transfer title. Appellants, in this connection, rely strongly on Babb v. Dowdy, 229 Ky. 767, 17 S. W. (2d) 1014, 1015. There the caption of the deed was "Dowdy & Wilson to Fannie Davinie, et al.", and the following language appeared:

" 'We, C. L. Dowdy and wife, Jennie Dowdy, C. W. Wilson and wife, Adella Wilson, have sold and here-

by convey with covenant of General Warranty to Fannie Davinie, the fee simple title in and to said real estate, subject to the mineral rights of W. M. Babb, his heirs and assigns. The mineral rights in and to the hereinafter described land being conveyed to the said W. M. Babb, his heirs and assigns, * * *,''

It was held that the deed was sufficient to vest Babb with title to the minerals. The difference between that deed and the one before us is plainly apparent. There, words of conveyance were used and the intention to convey title to Babb was easily gathered from the deed although he was not named formally as a grantee in the deed. In the deed before us only the word ''belongs'' appears. This word is in no sense a word of conveyance—it is merely a declaration of existing title. Certainly it evidences no intention to convey or transfer title. While we have no disposition to depart from our rule to ignore formalities and give effect to the intention of the parties, we are unwilling to extend that rule to the point of holding that title may be transferred without words of conveyance or without words clearly indicating intention to convey.

In view of the conclusions enunciated, the petition failed to state a cause of action based on any one of three grounds purportedly alleged, namely, reformation, adverse possession and title of record.

Judgment affirmed.