**J. E. JOHNSON et al., Appellants,**

v.

**REPUBLIC STEEL CORPORATION et al., Appellees.**

**No. 13508.**

United States Court of Appeals
Sixth Circuit.

Dec. 10, 1958.

Heber E. Johnson, Louisville, Ky., for appellants.

J. Peyton Hobson, Jr., Pikeville, Ky., C. Kilmer Combs, Prestonsburg, Ky., William J. Baird, O. T. Hinton, Pikeville, Ky., for appellees.

Before ALLEN, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This case involves the title to a tract of land in Pike County, Kentucky, which is controlled by the construction to be given to a deed dated December 10, 1887, "by and between Alexander Johnson and Emeretty Johnson, his wife, party of the first part, and Robert Hylton, party of the second part."

By this deed the party of the first part conveyed to the party of the second part, his heirs and assigns, the property in question. The final paragraph in the deed reads: "All the coal and other minerals in this deed is excepted & conveyed in this deed to Joel Ratliff with a right of way for all roads and tramways that is necessary for working said coal and other minerals * * *. This is by agreement with both parties." The question involved is whether Joel Ratliff acquired title by this deed to the coal and other minerals in the property.

Appellants contend that he did not, because (1) he was not named as a grantee in the caption of the deed, and (2) the words under consideration attempted to reserve and except from the real estate conveyed the coal and other minerals, not to the grantor, but to a

stranger to the deed, which can not be done under the well settled common law in Kentucky. Flynn v. Fike, 291 Ky. 316, 321, 164 S.W.2d 470. The District Judge rejected these contentions.

■ It is not necessary to the validity of a deed that the grantee be named in the caption, provided he is specifically designated in the body of the deed. Hall v. Wright, 137 Ky. 39, 46, 127 S.W. 516; Newton v. McKay, 29 Mich. 1; Berry v. Billings, 44 Me. 416, 423. See also: Perkins v. J. M. Robinson, Norton & Co., Ky., 124 S.W. 310, 311.

■ As pointed out by the District Judge, the present deed used words of conveyance in addition to the exception and must be upheld on the authority of Babb v. Dowdy, 229 Ky. 767, 17 S.W.2d 1014. Compare: Flynn v. Fike, supra, 291 Ky. 316, 322, 164 S.W.2d 470.

It is ordered that the judgment be affirmed.