FUTURE FEDERAL SAVINGS AND
LOAN ASSOCIATION, Appellant,

v.

David Michael DAUNHAUER, Alphonse Elrod, Willis H. Tassie, Christine Ballmann, Laura Speckman, Mary Miller, Mary R. Stephenson (a/k/a Buechter), Maxwell Allen, Louise Bohannan, Catherine Crabtree, Virginia Keyer, Aileen Brown, Aileen Goode, Louise Louis Waller, Mr. and Mrs. Hoffa, Thomas Pfersching, John Sargent, Mr. and Mrs. Mahoney, Laudia Dame, Gary McKim, Thelma Williamson, Thierman Apartments, and Liberty National Bank and Trust Company of Louisville, Appellees.

Court of Appeals of Kentucky.

April 12, 1985.

Claude L. Nutt, Nutt & Yann, Louisville, for appellant.

Bruce Hadley, Jefferson K. Steepey, Louisville, for appellees.

Henry K. Jarrett, III, Hanish, Davenport, Rosenberg & Weiner, Louisville, for appellee, Thierman Apartments.

John S. Osborn, Jr., Richard W. Iler, Wyatt, Tarrant & Combs, Louisville, for amicus curiae, Commonwealth Land Title Insur. Co.

Before DUNN, HOWARD and HOWERTON, JJ.

HOWERTON, Judge.

Future Federal appeals from a judgment of the Jefferson Circuit Court dismissing its foreclosure action against David Michael Daunhauer and holding that it had an unenforceable mortgage lien. The primary question to be answered is whether Daunhauer had acquired by deed a freely aliena-ble and mortgageable undivided interest in real property developed as a noncorporate cooperative apartment complex. We conclude that he did and, although the mortgage instrument was not the most artfully drafted legal document, it does constitute an enforceable lien against his apartment unit and his undivided $\frac{1}{24}$th interest in the apartment complex. We reverse the judgment and remand this case for further disposition.

This action was originally brought by "Thierman Apartments, an Unincorporated Association by and through its President, Mary R. Stephenson" against Daunhauer, other apartment owners, and various entities having claims against Daunhauer, including Future Federal. The action was to recover maintenance charges owed by Mr. Daunhauer. Future Federal filed its answer and a cross-claim to enforce its mortgage. Daunhauer did not contest the litigation and became bankrupt, thereby discharging any personal judgment the apartment group might obtain against him. If Future Federal held a valid mortgage, however, it could recover to the extent of the value of the property.

The opinion of the trial court reads in part:

[T]he occupants of the cooperative piece of real estate do not acquire an interest in the real estate; they acquire a "stock" interest or a share of the income generated by the real estate; that the plaintiff in this case is actually an association organized for the purpose of managing the real estate in question. The members of that association are given the exclusive right to the occupancy of a unit and use of a portion of that real estate, but do not acquire title thereto. Their interest is a share of the whole which is not divided and is represented by shares of stock.

The circuit court later amended its judgment, stating:

The Court, in using the term "stock" in that Opinion, did not believe that securi-

ties as such were issued. Rather, that indications to residents sharing common expenses through a voluntary association of which they were members, but their rights were not to a fee which could be separated from the whole, but only the right to an exclusive use of such portion as was designated as their unit or apartment with the sharing of common areas.

The court then reaffirmed its original opinion.

On June 1, 1948, W. Roy Clark and his wife, Norma, began dividing their 24-unit apartment building into 24 separate undivided interests and established restrictive covenants as to the use and occupancy of the building. The rights and liabilities, or benefits and burdens, for the various interest holders were established in a contract and agreement between the Clarks and the buyer of the first unit, Martha Meister. The document was recorded with the Jefferson County real property records. The contract provided for separate conveyances to Martha Meister and other unit owners of 1/24th undivided interests in the apartment building and the exclusive use and occupancy of a particular apartment unit. It further provided that unit owners would have rights in common with other owners to the use of common areas, that a manager would be appointed, that each owner would pay a monthly sum to maintain the common areas and insurance on the property and to pay various common expenses, and that:

> It is understood and agreed that the individual owners of interests in said property have the right to sell or lease their individual undivided interests under the same restrictions, conditions and provisions as to use and occupancy as set out in this contract, and any subsequent conveyance or lease of any interest in said property shall be subject to the terms and provisions of this contract.

Daunhauer's apartment unit was D–1. It was originally conveyed by the Clarks to Cleo M. Schuler and thereafter by various deeds and conveyances to other parties until it was acquired by Daunhauer by deed dated June 22, 1982. The deed provided for the conveyance of an undivided 1/24th interest in the entire apartment property and the exclusive use and occupancy of apartment D–1 in the building. The deed also carried forward the covenants and restrictions imposed by the original contract and agreement. In order to finance the purchase of the apartment and 1/24th interest, Mr. Daunhauer executed a note and mortgage to Future Federal (or its predecessor) contemporaneously with receiving the deed.

█ The question presented is one of first impression in the Commonwealth of Kentucky. We hold that the various owners of the undivided interests in the Thierman Apartments are tenants-in-common. As such, each owner has a fractional share of the entire premises as a tenant-in-common with the other owners. Each owner has individual exclusive occupancy rights to a specific apartment. The undivided interest of a tenant-in-common is freely devisable, descendible, and alienable.

█ Clearly, Thierman Apartments, an unincorporated association, could not hold title to the real property in the absence of some statute providing for such title. The association is not a legal entity. *Business Realty, Inc. v. Noah's Dove Lodge # 20,* Ky., 375 S.W.2d 389 (1963). *See also* 6 Am.Jur.2d *Associations and Clubs,* § 13 (1963), and 15 A.L.R.2d 1451 (1951). Furthermore, the apartment unit owners could not be pure joint tenants, because the conveyances were all made separately, and there is no document which expresses an intention that such a tenancy is intended. *Stambaugh v. Stambaugh,* 288 Ky. 491, 156 S.W.2d 827 (1941).

The most reasonable and realistic form of title for this arrangement is a tenancy-in-common. As stated in 2 *American Law of Property,* § 6.10, at 46 (19 ): "The tenant-in-common has a separate, undivided

interest. That interest is descendible, and may be conveyed by deed or by will." *Saulsberry v. Maddix,* 125 F.2d 430 (6th Cir.1942), *cert. den.,* 317 U.S. 643, 63 S.Ct. 36, 87 L.Ed. 518, applying Kentucky law, is in accord.

■ Operation by an unincorporated association and title as tenants-in-common may not be the most desirable and advantageous way to own and operate an apartment building, but it is workable. In 2 Rohan and Reskin, *Cooperative Housing Law and Practice,* § 2.01[2][b], pp. 2–3 (1983), we read:

> The tenancy-in-common form of coownership is a feasible but not extensively used method of organizing cooperative apartments. Under this plan, the occupants own the entire premises as tenants in common. In addition, each has individual exclusive occupancy rights to a specific apartment. Provisions in the nature of covenants running with the land, frequently incorporated into an instrument called a declaration of restrictions, are necessary to provide a means for the enforcement of each co-tenant's financial obligations in the maintenance and operation of the building. The undivided interest of a tenant in common is freely devisable, descendible, and alienable.

The deeds and the contract and agreement provide all that is necessary to establish a tenancy-in-common, and each undivided interest may be sold or mortgaged. The covenants and restrictions contained in the original agreement are binding on the parties to the contract and all subsequent purchasers of interest in the apartments. *Bishop v. Rueff,* Ky.App., 619 S.W.2d 718 (1981).

■ The deed to Daunhauer conveyed with covenant of general warranty an undivided 1/24th interest in property which described the entire tract of land on which the apartment is located. It listed the grantor's source of title and provided that the conveyance was subject to any easements and restrictions concerning the property or its use including those recorded in the 1948 contract and agreement. The deed also provided that Daunhauer was granted the exclusive use and occupancy of apartment D–1. The mortgage contained the same description which included the entire property but, when it is read together with the cooperative apartment rider attached to it, it is clear that the intent was to mortgage only the 1/24th undivided interest and the exclusive right to apartment D–1. Indeed, an attempt to mortgage anything greater than that would have been invalid, at least to the extent of the excess. We, therefore, conclude that the mortgage is valid and enforceable and that a foreclosure sale may be conducted to the extent of Daunhauer's ownership.

The judgment of the Jefferson Circuit Court is reversed, and this case is remanded for further proceedings.

All concur.