Rocky L. BRANHAM; Estate of Billy Branham; John Swimm; Mark McQuire; Greenie Thacker; Ballard Ray; Wilson Fleming; and Joseph Tackett, Appellants

v.

ESTATE OF James Owen ELKINS; Reginald E. Williams; and Alina Williams, Appellees.

No. 2012–CA–001789–MR.

Court of Appeals of Kentucky.

Jan. 31, 2014.

Justin C. Hamilton, Pikeville, KY, for Appellants.

Lawrence R. Webster, Pikeville, KY, for Appellees.

Before MOORE, NICKELL, and STUMBO, Judges.

## OPINION

MOORE, Judge:

The above-captioned appellants petitioned the Pike Circuit Court to order the sale of a tract of land located in Pike County, Kentucky. The circuit court dismissed their petition on the ground that they failed to demonstrate title to the tract in question and therefore lacked standing to file their petition. They now appeal. Upon review, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

In a deed executed February 5, 2002, Country Pastimes, a Kentucky General Partnership, purported to convey in fee simple a tract of land[1] to a grantee described as "Lighthouse Baptist Church, of P.O. Box 739, Pikeville, KY 41502." Nothing indicates this conveyance was a gift or other form of charity; the deed recites that Lighthouse Baptist Church paid a consideration of $89,000 for this tract.

Approximately twelve years later, the above-captioned appellants filed a petition in Pike Circuit Court that forms the subject matter of this appeal. In their petition, they claimed ownership of the tract described in the above-referenced deed; they asked the circuit court to find that the property described in the above-referenced deed was incapable of being divided without materially impairing its value; and, they further asked the circuit court to order the sale of the property. As to how they had come to own this tract, the appellants explained that "Lighthouse Baptist Church, of P.O. Box 739, Pikeville, KY 41502," was actually an unincorporated religious association; it was incapable of holding title to real property; and therefore, as a consequence of signing the certificate of consideration attached to the Lighthouse Baptist Church deed, the appellants now owned the tract in fee simple as tenants in common.

The above-captioned appellees are other individuals, or representatives of other individuals, who also signed the certificate of consideration attached to the Lighthouse Baptist Church deed. For their part, they

---

1. This deed was recorded at the Pike County Clerk's Office in Deed Book 813, page 702. The tract in question is described by the deed as follows:

   A certain tract of parcel land lying and being on Russell Fork of the Big Sandy River, in Pike County, Kentucky, bounded and described as follows:
   BEGINNING on the lower side of State Highway No. 460 at a marked stone, adjoining Dorse Gene Adkins' line running up the river with the Highway to a concrete post, adjoining Conley Tackett's line, thence across the bottom with Conley Tackett's to a concrete post, thence with Conley Tackett's line to Dave Cox's line, thence down the river with Dave Cox's line to Dorse Gene Adkins' line, thence running with Dorse Adkins' line to a concrete post, thence across the bottom to a concrete post, the beginning corner.
   This tract of land is part of Tract No. 2 in Deed Book 246 at Page 179, aforesaid.
   Rights to natural gas line and television lines are excepted from this conveyance for the use and benefit of ourselves and our children.
   This conveyance is made subject to all restrictions and easements which may appear of record.
   Being the same property conveyed to Country Pastimes by deed dated May 17, 1996, recorded in Deed Book 721, Page 692, Pike County Clerk's Office.

moved to dismiss the petition for lack of standing. They argued that the Lighthouse Baptist Church deed—the only evidence of ownership adduced by the appellants demonstrating title [2]—was incapable of vesting title in the appellants or themselves.

After reviewing the appellees' motion, the circuit court granted the appellees' motion and dismissed for lack of standing. The relevant substance of the circuit court's order is as follows:

> There was a deed in 2001 [sic] to the Lighthouse Baptist Church. About eight people signed the consideration section of that deed but those persons are not named as grantees in the deed. The law is clear that even though it is not necessary for the validity of a deed that a grantee be named in the caption, a grantee not named in the caption must be specifically designated in the body of the deed. *Combs v. Hounshell,* 347 S.W.2d 550 (Ky.1961). Signing and acknowledging a deed in which one is not named as a party means nothing. *Flynn v. Fike* [291 Ky. 316], 164 S.W.2d 470 (Ky.1942).
>
> This action was denominated "Petition To Sell Real Property For Indivisibility," but KRS 381.135(1)(b) requires a person to file written evidence of his title to the land which he seeks to be divided. The only thing filed by the Petitioners is the foregoing deed and thus the Petitioners lack standing in this case to cause a Partition.
>
> There are certain statutes which govern the title to property of a religious society. KRS 273.100 permits a religious

society to appoint one to three trustees and legal and equitable title to the property is vested in those persons to the use of the religious society. Those persons, when that has occurred, are necessary parties. The Respondents in this case claim that Trustees have been appointed but since the Court finds that the Petitioners lack standing to present this action, that is irrelevant.

> Based upon the foregoing analysis this cause of action is dismissed.

This appeal followed.

## ANALYSIS

■ Before we proceed, some clarification is required. Contrary to what the circuit court's order indicates, the suit filed by the appellants was an action to have the entire tract sold as an indivisible whole, not an action to divide a tract of land. As such, Kentucky Revised Statute (KRS) 381.135 (which applies to a suit to divide property) had no application in this matter; rather, the applicable statute was KRS 389A.030. The two statutes are interrelated. For example, KRS 389A.030(3) provides:

> In all such actions [*i.e.,* to sell a tract as an indivisible whole] indivisibility of the real estate shall be presumed unless an issue in respect thereto is raised by the pleading of any party, and if the court is satisfied from the evidence that the property is divisible, without materially impairing the value of any interest therein, division thereof pursuant to KRS 381.135 shall be ordered.

Moreover, both statutes presuppose that the proponent of a suit to either divide or

---

**2.** The appellants have also appended four affidavits to their brief as what they consider to be further evidence of their ownership of the tract at issue. These affidavits, purporting to have been made by Mark McGuire, Ballard Ray, Eleanor Little, and Rocky L. Branham,

were not before the circuit court or entered in its record. Therefore, under our procedural rules they may not be considered on appeal. *Barnard v. Stone,* 933 S.W.2d 394, 396 (Ky. 1996).

sell land will demonstrate standing by proving title to the land in question. As noted by the circuit court, KRS 381.135(1)(b) requires a person to file written evidence of his title to the land which he seeks to be divided. Similarly, KRS 389A.030(1) provides:

> When two (2) or more persons other than tenants by the entirety in residential property actually occupied by them as a principal residence share title to real estate in such manner that a conveyance by them jointly would pass a fee simple title, any one (1) or more of them may bring an action for the sale or division thereof in the Circuit Court of the county in the land, or the greater part thereof, lies, making parties defendant those owners who have not joined as plaintiffs....

Accordingly, while the circuit court appears to have relied upon the wrong statute, its reasoning was correct with respect to the appellants' obligation to demonstrate standing to file this suit by proving legal title to the land described by the Lighthouse Baptist Church deed.

Furthermore, the circuit court correctly determined that no part of the Lighthouse Baptist Church deed operated to vest the appellants with legal title to the land described in that deed sufficient for the purpose of the appellants' action.[3]

The theory of the appellants' case and appeal is not that they own the real property described in the Lighthouse Baptist Church deed by virtue of being trustees of Lighthouse Baptist Church,[4] or by being otherwise associated with Lighthouse Baptist Church.[5] Nor, for that matter, does the evidence of record indicate that they paid any portion of the $89,000 purchase price recited in the deed. Rather, the appellants' claim of ownership relies solely upon an interpretation of the Lighthouse Baptist Church deed itself. As noted, the appellants argue that Lighthouse Baptist Church had no capacity to acquire real property, and that because the appellants and the appellees signed the certificate of consideration of the deed on behalf of Lighthouse Baptist Church, the appellants and appellees became *de facto* grantees under the deed and tenants in common.

To support this argument, the appellants cite exclusively to *Future Federal Sav. and Loan Ass'n v. Daunhauer,* 687 S.W.2d 871 (Ky.App.1985). They emphasize that this case stands for the proposition that an unincorporated association is not a legal entity and cannot hold title to real property in the absence of some statute providing for such title. That much is true. *Id.* at 873. However, *Daunhauer* did not involve a deed to or from an unincorporated association. *Id. Daunhauer* does not discuss the legal consequence of signing a certifi-

---

3. To be clear, our decision only relates to the contention that a legal estate was transferred, by virtue of the deed, to the appellants and appellees. It does not touch upon the legal rights of any other party, or the equitable rights of any party growing out of the transaction described in the deed.

4. KRS 273.100 provides that "Any religious society may, before or after the creation of the charity, by a majority vote, appoint one (1) to three (3) trustees in whom legal or equitable title to the society's property shall be vested to the use of the society. These appointments shall be entered upon the record book of the society. It may fill vacancies in the same manner." Similarly, KRS 273.110 provides that "A majority of the trustees may sue or be sued in their own names on behalf of the religious society in any action concerning the property of the society."

5. The appellants do not claim to be current members of Lighthouse Baptist Church, and they do not assert that membership in Lighthouse Baptist Church, by itself, could have vested anyone with a right to convey property deeded to Lighthouse Baptist Church.

cate of consideration on behalf of an unincorporated association, where only the unincorporated association is listed as the grantee. Thus, beyond its statement of the general rule regarding unincorporated associations described above, *Daunhauer* lends no support to the appellants' theory of ownership.

In any event, the general assembly enacted KRS 382.135—the statute that requires a certificate of consideration on a deed—to eliminate the ability of buyers and sellers of real estate to avoid transfer taxes by understating the value of the property in the deed. *Smith v. Vest,* 265 S.W.3d 246, 250 (Ky.App.2008). But, this statute does not contravene Kentucky common law regarding deeds. *Id.*

 The common law in Kentucky regarding deeds provides that it is fundamentally necessary that a conveyance identify the grantor or grantors in the body of the instrument in order to pass valid title. *Christian v. Johnson,* 556 S.W.2d 172, 174 (Ky.App.1977). Similarly, the grantee or grantees must be named in the caption or designated in the body of the instrument. *Combs v. Hounshell,* 347 S.W.2d 550, 552 (Ky.1961) *(overruled on other grounds by Townsend v. Cable,* 378 S.W.2d 806 (Ky.1964)). And, as further pointed out by the circuit court, signing and acknowledging a deed in which one is not named as a party means nothing. *Flynn v. Fike,* 291 Ky. 316, 164 S.W.2d 470, 473 (1942) *(overruled on other grounds by Townsend,* 378 S.W.2d 806).

Here, neither the appellants nor the appellees are named as grantees in either the caption or the body of the Lighthouse Baptist Church deed. Even if we were to consider their signatures on the certificate of consideration to be relevant to the question of ownership, their signatures merely indicate that they signed on behalf of Lighthouse Baptist Church, not themselves.

## CONCLUSION

The circuit court correctly noted that the only evidence filed by the appellants at the circuit court level to prove ownership of the tract at issue was the foregoing deed. The foregoing deed is not evidence that the appellants or appellees own the tract at issue. Therefore, the circuit court did not err in dismissing. For these reasons, we AFFIRM.

ALL CONCUR.